(84 South. 754)

### MORGAN v. MORGAN. (6 Div. 947.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. DIVORCE ☞245(1), 309 — RESERVATION IN DIVORCE DECREE HELD TO RETAIN IN COURT CONTROL OF THE QUESTION OF ALIMONY.

Recital in divorce decree, that "as to any matter affecting the welfare and custody of W., the child of the marriage, * * * and as to any and all matters, if any there be, necessary in the enforcement of the terms of this decree, the cause is reserved," *held* sufficiently broad to retain control of the question of alimony, as well as the allowance to the child.

2. DIVORCE ☞245(1) — COURT, HAVING RESERVED CONTROL OF ALIMONY DECREE, HAS RIGHT TO SUBSEQUENTLY CHANGE OR MODIFY IT.

When the court reserves the future control of its decree of alimony, it has the right to subsequently change or modify the same, so as to meet or cover changes that may arise since the rendition of the same.

3. DIVORCE ☞245(1)—COURT MAY MODIFY DECREE FOR ALIMONY ON WIFE'S REMARRIAGE, THOUGH DECREE IS FOR FIXED AMOUNT, PAYABLE PERIODICALLY.

Where court reserved control of the question of alimony, it had a right to modify the decree as to alimony, on the wife's remarriage, though the decree was for a fixed sum, payable periodically.

4. DIVORCE ☞231 — ALIMONY INTENDED FOR WIFE'S MAINTENANCE.

In view of Code 1907, § 3804, allowance of permanent alimony to the wife is intended for her maintenance and support, to be based largely on her needs and station in life, and whether or not she has a separate estate, taking into consideration, also, the value of the husband's estate and the condition of his family.

5. DIVORCE ☞245(2)—WHEN HUSBAND MAY BE REQUIRED TO PAY ALIMONY.

In view of Code 1907, § 3804, husband will not be required to support divorced wife, where she has a large separate estate, or be required to continue to so do after alimony has been decreed to wife, if she inherits or acquires an ample estate afterwards, or if she, in effect, waives or abandons her claim on him by taking another husband, whose duty it is to maintain and support her, in which case her alimony should not be terminated, but merely reduced, if she proves that the support by the second husband is inadequate.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill ¦or petition by W. Barnes Morgan against Mrs. Leila J. Morgan, now Mrs. Leila J. Lavender, for modification of a decree, heretofore rendered, granting alimony to re-

spondent. From a decree overruling demurrers, respondent appeals. Affirmed.

John W. Altman, M. H. Murphy, and Jerome Edmundson, all of Birmingham, for appellant. The demurrers should have been sustained. Section 3816, Code 1907; ante, p. 167, 82 South. 417; 131 Ala. 445, 31 South. 91; 84 Ala. 262, 4 South. 137; 71 Ala. 83; 45 Ala. 264; 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. St. Rep. 417; 64 Ohio St. 369, 60 N. E. 560; 58 N. Y. 664.

Edgar Allen, of Birmingham, for appellee. The court properly overruled the demurrers. 1 R. C. L. 950; 14 Cyc. 787; 99 Ill. 196, 39 Am. Rep. 21, and authorities cited by appellant. See, also, 141 Wis. 491, 124 N. W. 1028; 31 S. D. 459, 139 N. W. 341; 104 Cal. 45, 37 Pac. 770, 43 Am. St. Rep. 70.

ANDERSON, C. J. The appellee filed · a petition or supplemental bill, seeking a modification of the permanent alimony decreed against him in favor of his former wife, upon the ground that she had remarried. While the decree was for the fixed sum of $4,000, it was made payable periodically, no execution was directed for the collection of same, and the future control of same was expressly reserved by the court. The decree recites as follows:

"As to any matter affecting the welfare and custody of W. Barnes Morgan, Jr., the child of the marriage of complainant and respondent, and as to any and all matters, if any there be, necessary in the enforcement of the terms of this decree, the cause is reserved."

[1-3] This reservation was sufficiently broad to retain control of the question of alimony, as well as the allowance to the child. Jones v. Jones, 131 Ala. 445, 31 South. 91. It is also a well-settled proposition that when the court reserves the future control of its decree of alimony, it has the right to subsequently change or modify the same so as to meet or cover changes that may arise since the rendition of same. Ortman v. Ortman, 82 South. 417,[1] and cases cited; 1 R. C. L. p. 946, § 92. It is true that most of the authorities cited deal with¦ indefinite monthly or yearly allowances and not alimony in bulk, but the alimony in question, while for a fixed sum, was divided into periodical future payments, except as to a partial cash payment, and the trial court reserved the right to control and regulate the same. We do not wish to be understood, however, as intimating that the rule would be different in case the alimony was payable in one lump sum, with a reservation in the decree if the trial court attempted to change or modify same before it had been paid.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 167.

**[4, 5]** The petition and exhibits show that the wife remarried within a few months after the decree of divorce and before the first periodical payment matured. The allowance of permanent alimony to the wife is intended for her maintenance and support, to be based largely upon her needs, station in life, and whether or not she has a separate estate, taking into consideration, also, the value of the husband's estate and the condition of his family. Section 3804 of the Code of 1907. In other words, the purpose of the law is to require the husband to support the wife so long as she may reasonably need the same, and it would be rather a harsh rule to require him to do so when she had a large separate estate, or to continue to do so if she inherited or acquired an ample estate afterwards, or if she in effect waived or abandoned her claim upon him by taking another husband whose duty it is maintain and support her.

"It would be difficult to suggest or conceive any cause that would present grounds more reasonable and proper for suspending further payment of alimony than the subsequent marriage of the divorced wife. Aside from its positive unseemliness, it is illogical and unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband and an obligation from a present husband for an adequate support at the same time. It is her privilege to abandon the provision made by decree of the court for her support under sanctions of the law, for another provision for maintenance which she would obtain by a second marriage, and when she has done so the law will require her to abide by her election as there is no reason why she should not do so. Although the remarriage of the wife does not automatically terminate her allowance of alimony, it nevertheless constitutes good ground for an application by the former husband to be relieved from further payment thereof, or to have the award modified." 1 R. C. L. p. 960, § 96.

It is generally held that proof of the wife's remarriage makes out a prima facie case for revision, inasmuch as the fact of remarriage gives her the right to claim support from another man, and thereby throws upon her the burden of proving that such support is not adequate to her needs. If she succeeds in establishing its inadequacy, it seems that her allowance should not be terminated, but merely reduced. Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520, and note page 523.

The trial court did not err in overruling the demurrers to the petition, and the decree must be affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.