## Ex parte LAVENDER. (6 Div. 549.)

(Supreme Court of Alabama. June 22, 1922.)

**1. Divorce ⬤═245(3)—Petition proper means of invoking court's reserved power to regulate alimony.**

A petition is the proper means of invoking the court's reserved power to modify or change alimony.

**2. Divorce ⬤═245(3)—Answer to petition for modification of decree as respects alimony held a counter petition, not a cross-bill.**

Where in answer to petition of divorced husband for modification of decree as respects alimony because of remarriage of the divorced wife, her pleading, termed a cross-bill, alleged that the allowance of alimony was a unit allowance agreed on by the parties, and that its payment in installments was permitted merely to enable its discharge without the sacrifice of property, the wife's pleading *held* a counter petition, rather than a cross-bill, under Code 1907, §§ 3118, 3119, for a petition cannot be made the predicate for the interposition of a higher character of pleading, such as a cross-bill, by the respondent to the original petition.

**3. Divorce ⬤═245(3) — Failure to plead to counter petition to modify decree as to alimony, termed a cross-bill, does not warrant decree pro confesso.**

Divorced husband's failure to plead, in answer to a pleading entitled a cross-bill, but in fact counter petition, in proceedings instituted by him for modification of decree as respects alimony, does not warrant a decree pro confesso; such decrees being only granted upon original or cross-bills under Code 1907, § 3162 et seq.

Petition by Leila J. Lavender for writ of mandamus to one of the Judges of Jefferson Circuit Court. Writ denied.

Altman & Edmondson, of Birmingham, for appellant.

The decree of the lower court being interlocutory, and not final, the petitioner could not appeal. 192 Ala. 280, 68 South. 351; 176 Ala. 408, 58 South. 288; 21 C. J. 643; 132 Ala. 222, 31 South. 360. While mandamus does not lie to control judicial action, yet if an order, judgment, or decree, which is not the subject of revision by appeal, is erroneous, mandamus will be awarded. 180 Ala. 523, 61 South. 904. The petitioner is seeking affirmative relief in the trial court, and, since affirmative relief is not obtainable under answer, a cross-bill was necessary. 53 Ala. 224; Code 1907, § 3118. A defendant to a cross-bill must demur, plead, or answer within 30 days or suffer decree pro confesso. Code 1907, § 3107.

C. C. Nesmith, of Birmingham, for appellee.

The granting of a decree pro confesso is discretionary with the court.

McCLELLAN, J. This is a petition, filed by Mrs. Lavender (formerly Morgan), for writ of mandamus to require one of the judges of the tenth circuit to vacate an order overruling her motion for a decree pro confesso, and refusing to enter decree pro confesso against W. Barnes Morgan in the proceeding, the primary stage of which was reviewed and determined in Morgan (now Lavender) v. Morgan, 203 Ala. 516, 84 South. 754. Subsequently Mrs. Lavender filed an answer to W Barnes Morgan's petition to modify the decree in respect of the allowance for alimony. Later she amended this pleading so as to give it the form of a cross-petition, averring that the allowance of $4,000 alimony was a unit allowance; that it was fixed at that sum in the register's report by agreement of the parties; that the permission to Morgan to pay it in several installments was a concession merely, to enable Morgan to discharge the alimony without sacrifice of property and without inconvenience to him; and that the report of the register on reference and the decree expressed the intention of the parties, but omitted to recite the averred fact that the allowance was a matter of agreement, both in amount and in the manner of its payment. Among other things, Mrs. Lavender alleges in her cross-petition that the stated agreement for alimony through a unit allowance, with manner of payment as provided in the report and in the decree, induced her to surrender rights to alimony that otherwise she would not have abandoned, and that the suspension of the payments of (unpaid) installments has caused her loss and inconvenience. It was held on the appeal in this proceeding that the court had effectually reserved the power to change or modify the decree in respect of its allowance of alimony and of support of the child of the marriage, then dissolved. Morgan v. Morgan, supra.

[1-3] W. Barnes Morgan's petition initiated the proceeding. Petition was the proper method to invoke the court's reserved and preserved power in the premises. Sayre v. Elyton Land Co., 73 Ala. 85, 96, 97, and authorities cited on page 97. Mrs. Lavender's pleading was not a cross-bill. In our practice that character of pleading is only appropriate to an original bill. In this instance, a petition—the proper means to serve the purpose intended—was the initial pleading, and a petition cannot be made the predicate for the interposition of a higher character of pleading, viz. a cross-bill, by the respondent to the initial petition. Mrs. Lavender's pleading was a counter petition. Whatever virtue there is in the matters set up in the counter petition may be availed of on the hearing on the merits of Morgan's petition. We intimate no opinion upon those possible issues other than is implied or re-

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

-sults from the conclusions stated on the appeal reported in 203 Ala. 516, 84 South. 754. Mrs. Lavender's counter petition not being a bill or a cross-bill (Code, §§ 3118, 3119), the failure of Morgan to plead thereto, however prolonged, gave no right to decree pro confesso. It is upon bills, original or cross, that such decrees may be granted. Code, § 3162 et seq. Hence the court below correctly declined to enter decree pro confesso on Mrs. Lavender's counter petition.

The writ of mandamus here sought is denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.