HOLMES, Judge.
This is an appeal from the Circuit Court of Etowah County’s action modifying a previous award of periodic alimony.
The husband appeals and through able counsel contends the trial court erred to reversal in increasing the amount of alimony from $200 per month to $300 per month. Specifically, the husband contends there has not been a material change of' circumstances since the divorce decree to justify the trial court’s action. We disagree and affirm.
Reviewing the record before this court with the attendant presumptions in favor of the trial court, we find the following pertinent facts.
The parties were married for over thirty years. They were divorced in 1969 and the husband was ordered to pay $200 per month periodic alimony. In 1976, both parties filed petitions to modify the amount of alimony. The husband requested a decrease in the amount, and the wife requested an increase.
An ore terms hearing was held; the only witnesses were the husband and the wife. Their testimony revealed that at the time of the divorce the husband was earning approximately $1,200 per month; he now earns approximately $960 per month which includes rental income. Additionally, since the divorce the husband has acquired more real estate.
The wife testified that since the divorce, she has become disabled. Specifically, the wife testified as follows:
“A Well, I’ve had to fight — I’ve had to fight to keep well and I tried working after he wanted his divorce and I worked there a while, you know, in Birmingham.
“Q At the present time are you permanently and totally disabled?
“A Yes, sir. You have my doctors?
“Q Who is your doctor?
“A Dr. Roy Stanton.
“Q Your disability has come about since the divorce, is that right?
*535 “A Yes, sir, . . .”
In addition to the wife’s testimony, her doctor’s statement, apparently without objection, was introduced. This statement was dated March 29, 1976, and reads as follows:
“I certify that the above patient is under my professional care and that she is totally and permanently disabled from carrying on her usual work.”
There was testimony that the wife had been employed for a period of time after the decree of divorce. The tendency of the wife’s testimony further showed that her expenses for food, utilities, and medical care had increased since the divorce.
The trial court can, in its discretion, modify an original award of alimony or support in a divorce decree on proof of changed circumstances of parties, one or both, but unless this discretion is abused, an order so modifying will not be reversed on appeal. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965); 8 Ala. Digest Divorce «=»245(2). For a recent discussion of “changed circumstances” see O’Dell v. O’Dell, 57 Ala.App. 185, 826 So.2d 747 (1976).
In this instance, where there is testimony that the wife has since the divorce decree become disabled, and is unable to work, and further, that her expenses have increased, we cannot say that the trial court erred to reversal in increasing the amount of alimony from $200 per month to $300 per month. This is true even though the testimony shows that the husband’s income has decreased from $1,200 to $960. For this court to hold otherwise, we would have to substitute our judgment for that of the trial judge and this the law does not permit. Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
Finding no palpable error or abuse in the trial court’s decree, the case is due to be and is, accordingly, affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.