This is an appeal from a judgment of the Circuit Court of Franklin County denying the husband's request for modification of the alimony provision of a previous divorce decree.
The parties to this appeal were divorced by the Circuit Court of Franklin County on January 16, 1976. Among other awards, the court ordered the husband to pay $800 per month periodic alimony to the wife. There was no appeal from that decree. The husband now seeks to have the divorce decree modified by reducing the $800 per month alimony due to his changed financial circumstances.
The husband is a physician. At the time of the divorce he practiced in Russellville, Alabama and earned, after expenses and taxes, approximately $2,300 per month. After the divorce, and prior to filing the petition for modification, the husband left his practice in Russellville and in May 1976 started a new practice in Hartselle, Alabama. This new practice is the change in circumstances upon which the husband relies.
The husband testified that he incurred heavy debts in the establishment of a new medical practice, including the purchase of expensive laboratory and X-ray equipment. Whereas he had earned $26,000 during the first four months of his practice in Russellville in 1976, just prior to his move to Hartselle, he grossed only $12,000 to $13,000 in the first six months of his Hartselle practice. To meet his operating expenses and pay his salary during those first six months he had to borrow from $7,500 to $7,800. His projected office expenses beginning in January 1977 were between $4,600 and $6,000 per month.
With regard to personal assets, the husband owns sixty-six acres of land in Franklin County with an indebtedness of $8,000 or $9,000 and a small warehouse in Morgan County with an indebtedness of approximately $12,000. He and another person have purchased an old apartment complex in Decatur, Alabama, subject to an indebtedness of $50,000. The husband has about $3,000 in bank accounts, a stamp and silver collection valued by him at $1,000, and a jewelry collection which he said was appraised to be worth $5,000.
With regard to expenses, the husband says house rental, insurance and utilities cost approximately $375 per month. His car payment and operation expenses are from $380 to $390 per month.
The doctor stated that he is fifty-seven years old. In about a year he expects to be earning enough money to pay himself a *Page 974 
salary but he does not foresee ever being able to earn more than $15,000 to $20,000 a year above his expenses in Hartselle. He contends that the $800 per month alimony payment amounts to two-thirds of his projected net income and greatly exceeds his present earnings.
The supreme court said in Whittle v. Whittle, 272 Ala. 32, 34,128 So.2d 92, 93 (1961):
 "The granting or denying of an application for modification of a decree of alimony or maintenance on the ground of a change in the financial circumstances or needs of a party rests in the sound discretion of the trial court, and an order denying modification will not be disturbed on review unless that discretion has been abused." (Citations omitted.)
The burden of proving a change in the financial circumstances of a party as a basis for modifying an alimony award is on the party seeking such change. Clarke v. Clarke, 47 Ala. App. 558,258 So.2d 902 (1972).
In the case at bar the husband had the burden of proving changed financial circumstances since he was the modification movant. We do not believe he sustained that burden.
Although the evidence concerning the financial status of the husband at the time of the hearing is, to say the least, confusing, we have gleaned from the record evidence to the effect that the doctor's monthly income while in Hartselle has increased by leaps and bounds. His gross income in May 1976, his first month in Hartselle, was $345; in June it was $1,200; in July $1,300 to $1,400; in August approximately $3,000; and in September and October about $4,000 each. In addition to this, approximately $7,000 from Medicare, Medicaid and insurance patients is due to be paid the doctor. Also, the several thousand dollars he earned from the hospital emergency room in Hartselle was not included in his gross income.
Considering the present income of the husband, his obviously considerable potential for earning money (the rapidity with which his gross earnings increased monthly after beginning a new practice in a new city speaks for itself), his equities in real estate, and his jewelry collection, we are unable to say that the trial court plainly erred in refusing to modify the $800 a month alimony payment the husband is required to make to his ex-wife. Consequently, we affirm the trial court's judgment.
The wife's motion for an attorney's fee for the representation she received on this appeal is denied.
AFFIRMED.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.