This is an appeal from an order of the Circuit Court of Montgomery County denying requests for modification of an alimony provision incorporated into a divorce decree.
The action was initiated when the former husband, Raymond L. Little, filed a petition for modification of the decree divorcing him from Alice R. Little, asking that he no longer be required to pay alimony to his former wife or maintain certain insurance policies for her benefit. The wife, now Mrs. Opielinski, responded by filing a crosspetition for modification of the decree, seeking to have the alimony in question declared to be in gross and thus not modifiable and asking that she be awarded a larger property settlement. Both the petition for modification and the cross-petition for modification were amended.
Prior to the modification hearing the trial judge entered an order declaring the alimony in question to be "periodic in nature as opposed to alimony in gross." The issues and contentions of the parties to be decided at the hearing were defined in a joint stipulation to be as follows: on behalf of Mrs. Opielinski that the agreement to pay alimony should be enforced as a contractual obligation, that her award of permanent alimony should be increased to give her a larger share in the husband's estate, and that her attorney be awarded a reasonable fee for his representation; on behalf of Mr. Little, that changed circumstances justify the elimination, reduction or other alteration of the amount of alimony provided in the divorce decree.
After a hearing the trial court entered an order finding that there had been no *Page 50 
change in the conditions or circumstances of the parties which would justify a modification of the divorce decree. The modification requests of both parties were denied and Mr. Little was ordered to pay Mrs. Opielinski's attorney the reasonable fee of $3,300.00 for his services. Mr. Little filed a motion for new trial, which was denied, and now appeals the trial court's refusal to modify the divorce decree. Mrs. Opielinski did not cross-appeal the order declaring the alimony in question to be periodic rather than in gross nor the final order denying her request for modification of the divorce decree.
The parties to this proceeding were divorced by the Circuit Court of Montgomery County on December 11, 1975 for incompatibility after a twenty-six year marriage. The divorce decree incorporated an agreement previously entered into by the parties for the settlement of property interests and the award of alimony.
Under the terms of the agreement, the wife received $10,000 in cash, a home in Montgomery with an approximate value of $75,000 a beach house in Florida with approximate value of $33,000, and a 1973 Fleetwood Cadillac. The husband was required either to maintain a hospitalization insurance policy covering the wife or to reimburse the wife for the cost of a hospitalization insurance policy, to maintain a life insurance policy of $25,000 with his wife as beneficiary, and to ". . . pay to the wife as monthly periodic alimony the sum of $1,000.00 per month payable on the 1st of each month beginning January 1, 1976, and continuing each month thereafter until the demise of the wife." In return the wife was required to convey her interest, including dower, in several pieces of commercial property located in Montgomery. The total value of the assets received by Mrs. Little was approximately $118,000; the value of the assets remaining with Mr. Little was approximately $766,300.
In the trial court Mr. Little alleged and attempted to prove that the remarriage of Mrs. Little and a reduction in his assets showed sufficient changed circumstances to warrant modification of the alimony provision of the divorce decree. The trial court denied the request for modification of the alimony obviously concluding that the proof failed to support the contention that the circumstances had changed sufficiently to warrant modification.
On appeal Mr. Little argues vigorously that the trial court erred in failing to find that the remarriage of Mrs. Little warranted the elimination of the alimony payments and urges us to adopt a rule requiring that extraordinary or exceptional circumstances must exist before a former husband can be required to continue alimony payments to a remarried ex-wife. Mrs. Opielinski replies that the only changed circumstance shown in the trial court was her remarriage to a man who could not support her and that such circumstance is insufficient to justify modification of an alimony decree.
The rule in Alabama is that while the remarriage of a former wife does not ipso facto dissolve a former husband's obligation to pay alimony, it is a cogent ground for modification or termination of the requirement. Whitt v. Whitt, 276 Ala. 685,166 So.2d 413 (1964); Sullivan v. Sullivan, 215 Ala. 627,111 So. 911 (1927); Morgan v. Morgan, 211 Ala. 7, 99 So. 185
(1924); Morgan v. Morgan, 203 Ala. 516, 84 So. 754 (1919);Paulk v. Paulk, 57 Ala. App. 721, 331 So.2d 730 (1976); Hora v.Hora, 46 Ala. App. 513, 244 So.2d 601 (1971).
The decisive question at this point is: if the wife's remarriage does not automatically terminate the husband's obligation to pay alimony, what further must be shown to place the trial court in error for not terminating alimony payments to the remarried wife?
The answer seems to be that the ex-wife must convince the court that she has a continuing need for support from her ex-husband due to the inability of the present husband to support her. See Morgan v. Morgan, 211 Ala. 7, 99 So. 185
(1924); Morgan v. Morgan, 203 Ala. 516, 84 So. 754 (1919); andWhitt v. Whitt, supra. However the supreme court in Sullivan v.Sullivan, *Page 51 supra, after wrestling with this problem said: "the power or control of subsequent installments of allowances for alimony, as such, are dependent upon the justice of the case and condition and respective necessities of the parties."215 Ala., at 630, 111 So., at 913. Hence the apparent burden cast on the ex-wife by both Morgan decisions and Whitt may have been lightened somewhat by Sullivan. In any event, the burden has not been made more onerous.
In deciding the issue presented to this court, we do so by following the timeworn principles that where the testimony is heard orally by the court, its decree is presumed correct and that a petition for modification of an alimony decree is largely left to the sound discretion of the court, the exercise of which is not to be disturbed except for palpable abuse.Sellers v. Sellers, 50 Ala. App. 158, 277 So.2d 616 (1973).
In order to determine whether the trial court abused its discretion in denying the requested elimination of alimony payments, we must look at the pertinent facts. They show that Mrs. Little married Mr. Opielinski about five months after her divorce from Mr. Little. At that time Mr. Opielinski was earning $250 per week out of which he paid taxes, living expenses and child support of $275 per month as a result of a former marriage. He said his salary had averaged between $12,000 and $15,000 for the last several years. The Opielinskis have a joint checking account to which Mr. Opielinski contributes, but there was no evidence that Mrs. Opielinski contributes funds to or withdraws funds from this account.
Mrs. Opielinski testified that Mr. Opielinski does not support her; that she pays her own expenses and he pays his; and that she knew he could not support her when she married him. She further stated that although she supposed she had a right to look to Mr. Opielinski for support, she had not done so.
Based on these facts, we cannot say that the trial court abused its discretion in refusing to modify the alimony payments required to be made to the appellee by Mr. Little. Consequently we must affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., recuses himself.
HOLMES, J., concurs specially.
PAUL, Retired Circuit Judge sitting by special appointment, concurs.