This is a divorce case. The wife appeals from the Circuit Court of Jefferson County's decree modifying a previous award of alimony and child support.
The dispositive issue on appeal is whether there was sufficient evidence before the learned trial judge of material change in the financial circumstances of the husband to justify a modification. We find there is not sufficient evidence of such change and reverse and remand.
At the time of the divorce decree in June, 1976, the parties had been married over *Page 1241 
twenty years. There were five children whose ages, in June of 1976, were: Shaun-19, Trey-18, Mark-17, Fonde-15, Havely-11. An agreement of the parties regarding alimony, child support and a division of the property was incorporated into the decree.
Paragraph I of the agreement provided in pertinent part that all payments were included in income for the wife and deductible for husband. The wife initially was to receive $3,250 per month. Specifically, the decree provided the "sum of $3,250 as alimony and as support and maintenance for the parties' minor children." This amount would be reduced a total of $1,500 per month in $500 increments roughly corresponding to the years when the youngest two sons reached nineteen and the youngest child, a daughter, reached twenty-two.
The remaining $1,750 per month would only be forfeited by the wife if she remarried. However, if the wife remarried before June, 1980, she would continue to receive at least $500 per month until 1987, the year the daughter reached twenty-two.
In November of 1977, the wife filed a contempt proceeding. The husband countered with a petition to modify the divorce decree regarding alimony and support.
Specifically, the husband alleged that the agreement incorporated in the decree did not provide for child support and that the husband was forced to pay the children's expenses, that the husband's income had dropped to one-half of his income at the time of the decree and he had to borrow money to meet his obligations, that the alimony and support agreement was inequitable and, further, that it was necessary for the trial court to determine the amount of monthly payments to be allocated to alimony and to child support.
After an ore tenus hearing in January, 1978, the trial court found the husband not in contempt and modified the prior agreement incorporated in the divorce decree. To the previously mentioned paragraph 1 of the agreement, the court added the following:
 "The said amount of alimony and child support payments due to the Plaintiff shall be reduced by the amount of Two Hundred Fifty Dollars ($250.00) per month as each child under the age of nineteen (19) years, as of the 23rd day of June, 1976, reaches the age of nineteen years. The said reduction shall become effective in February, 1978."
To this court, it is clear that the effect of this modification would be threefold.
First, there would be an immediate reduction of $500 per month because two of the children, Trey and Mark, who had been under nineteen at the time of the decree in June of 1976 had reached nineteen by February of 1978. Second, the amount to be paid the wife after June, 1987, if she does not remarry, would be reduced from $1,750 per month to $750 per month. Finally, if the wife remarries in June, 1980, she will receive nothing at a time when the youngest child, Havely, will be age fifteen.
It is recognized in this state that a trial court may modify an award of alimony or child support in a divorce decree upon a showing of changed circumstances of one or both of the parties. Such a modification will not be reversed on appeal unless it is clearly an abuse of discretion. Mockridge v. Mockridge,278 Ala. 79, 175 So.2d 772 (1965); Little v. Little, Ala.Civ.App.,349 So.2d 48 (1977); Copeland v. Copeland, Ala.Civ.App.,343 So.2d 533 (1977); Womble v. Womble, 56 Ala. App. 318,321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975).
To support a modification of the decree, the changed circumstances must be material changes in the financial status of the parties. Block v. Block, 281 Ala. 214, 201 So.2d 51
(1967); Meyer v. Meyer, Ala.Civ.App., 346 So.2d 972 (1977);O'Dell v. O'Dell, 57 Ala. App. 185, 326 So.2d 747 (1976). Additionally, where the decree fixing alimony and support was based upon an agreement between the parties, that decree should not be modified "except for clear and sufficient reasons after the question has been subjected to thorough consideration and investigation." Hutton v. Hutton, 284 Ala. 91, 95,222 So.2d 348, 351 (1969). See also Block, *Page 1242 supra; Walker v. Walker, 255 Ala. 599, 52 So.2d 505 (1951).
The burden of establishing the conditions necessitating a modification of the decree rests upon the moving party. Brumlowv. Brumlow, 282 Ala. 170, 209 So.2d 849 (1968); O'Dell, supra.
In the instant case, we find that this burden was not met and that the trial court's judgment of modification was therefore plainly wrong. Simply stated, the evidence of the husband's financial condition did not present the "clear and sufficient reasons" justifying a modification of alimony and support payments.
As noted above, the husband alleged that his income had decreased by one-half since the decree. According to the documentary evidence and the husband's testimony, his annual incomes as a medical practitioner were approximately $155,000 in 1975, $91,000 in 1976, and $84,000 in 1977. However, the husband testified that 1975 had been an exceptional year. In 1975, $31,000 of income had been the first payment of the husband's prior interest in a medical professional association. The final payment of $11,000 was received in 1976. Approximately $90,000 had been earned from the husband's practice at a local hospital, a practice which he had discontinued some one to three months before the divorce decree.
In short, the husband entered into the alimony and support agreement with the knowledge that two sources of income had been or would be terminated.
Secondly, the evidence presented at trial did not establish a material deterioration in the husband's financial circumstances in the eighteen months between the divorce decree and the judgment of modification. The evidence established that the professional association in which the husband was the sole stockholder and medical practitioner had lost money in 1976 and 1977. However, these losses were insignificant in relation to the salary the husband was drawing out from the P.A. and do not alone establish a material loss in income. See, e.g., Johnsonv. Johnson, 277 Ala. 126, 167 So.2d 688 (1964).
We particularly note the husband's testimony that the P.A.'s accounts receivable for September through November of 1977 averaged $56,000 per month. This was twice the monthly average for the same three months in 1976. The husband explained this by stating that his practice was increasing.
Additionally, the fact that the husband's 1977 income was lower than in 1976 was due in no small measure to a $36,000 depreciation and interest deduction from a business venture the doctor had invested in.
While other aspects of the husband's financial status could be detailed, suffice it to say the clear import of all the evidence is that not only had the husband not suffered a material decline in income, but instead, his financial situation was improving at the time of the modification hearing.
In the past, this court has not found such evidence sufficient to justify a downward modification of the husband's alimony and support payments. Compare Johnson v. Johnson,supra; Meyer v. Meyer, supra; O'Dell v. O'Dell, supra; Clarkev. Clarke, 47 Ala. App. 558, 258 So.2d 902 (1972), with Lloyd v.Lloyd, 52 Ala. App. 374, 292 So.2d 668 (1974).
Even if it is assumed that the decrease over three years in the husband's reported income accurately reflects his present earning ability, we cannot say that that decline is a material change in view of the total circumstances. The original payments when compared with the husband's income, incorporating as they do elements of child support, are not so unreasonable as to justify at this time the modification as ordered by the trial court.
As we noted above, when alimony and support are agreed upon by the parties, those payments should not be modified without close scrutiny. This is especially true where, as here, so short a time as eighteen months separates the decree and the hearing for modification. *Page 1243 
In view of the above, it is unnecessary to discuss other issues or contentions as set forth in brief.
The wife has requested an attorney's fee for her representation on appeal. A fee of $1,000 is hereby awarded.
For the reasons set out above, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.