BRADLEY, Judge.
Former husband appeals from an order by the Circuit Court of Montgomery County granting former wife’s motion to dismiss the husband’s petition to modify divorce decree, and from other orders granted by the same court. We affirm.
The parties to this appeal have been before this court previously. See Little v. Little, Ala.Civ.App., 349 So.2d 48 (1977). No purpose would be served by a lengthy reiteration of the facts involved in that former appeal nor in the present one.
For purposes of this appeal suffice it to say that after a twenty-six year marriage the parties to this proceeding were divorced by the Circuit Court of Montgomery County in 1975 on the ground of incompatibility. The divorce decree incorporated an agreement previously entered into by the parties for the settlement of property interests and the award of alimony. Under the terms of the agreement, the husband was to “pay the wife as monthly periodic alimony the sum of $1,000.00 per month . . . until the demise of the wife.”
In 1976 Mr. Little petitioned the trial court to terminate the periodic alimony payments required by the agreement. In this petition he alleged as changed circumstances the remarriage of his ex-wife. The trial court’s denial of Mr. Little’s petition was affirmed by this court. Little v. Little, supra.
On April 27, 1978 Act No. 596, Acts of Alabama 1978, became effective. That act, currently codified as Code of Alabama 1975, § 30-2-55, provides that:
Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
On May 17, 1978 Mr. Little again petitioned the trial court to modify the original divorce decree by terminating his obligations to make the monthly alimony payments. Once again he alleged as grounds for the petition that the wife had remarried in May 1976.
Mrs. Little responded by moving to dismiss Mr. Little’s petition. She listed several grounds in support of her motion, among which was a contention that Mr. Little should be denied access to the court inasmuch as he was in contempt for failure to pay alimony; that Act No. 596, Acts of Alabama 1978, which was the basis for the modification petition, was not only unconstitutional but also did not apply to the *295 instant case; and that the agreement incorporated into the original alimony decree amounted to “an integrated bargain.”
Although the record on appeal and both briefs suggest that Mr. Little could have been in arrears with his alimony payments at the time of the order dismissing the modification petition, counsel for both parties at oral argument assured this court that contempt for alimony arrearage was not an issue on appeal; consequently, no consideration will be given to that ground of the dismissal motion.
The issues that were argued concerned the constitutionality and applicability of Act No. 596; whether the agreement for the payment of alimony incorporated into the original divorce decree could be denominated “an integrated bargain” as suggested by Judge Holmes in his special concurrence in Little v. Little, supra; and whether the trial court abused its discretion in awarding Mrs. Little $2,000 for attorney’s fee. The issue that we consider dispositive of this appeal, however, is the applicability of Act No. 596 to the facts in the present case. The effective date of Act No. 596 is April 27, 1978, and Mrs. Little remarried in May 1976, almost two years before the passage of said act.
We said in Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978), a case concerned with the retrospective or prospective application of Act No. 596, that:
The language of § 30-2-55 does not express the legislative intent that the statute be applied retrospectively. We do not think it applies to suits arising out of events which occurred prior to the effective date of the statute, regardless of the fact that the decree of May 15, 1978 was rendered after the effective date of the statute. Cf. City of Brewton v. White’s Auto Store, Inc., Ala., 362 So.2d 226 (1978).
It is clear in the case at bar that Mrs. Little’s second marriage took place prior to the effective date of said act. Consequently, Act No. 596 would have no application to the second marriage of Mrs. Little. The trial court properly dismissed the modification petition.
In view of the inapplicability of Act No. 596 to the instant case, the constitutionality of said act will not be discussed, nor will we concern ourselves with whether the “integrated bargain” principle applies to the instant case.
As to Mr. Little’s contention that the trial court abused its discretion in awarding Mrs. Little $2,000 as an attorney’s fee, we point out that the allowance of such fees rests in the sound discretion of such court, Jernigan v. Jernigan, Ala.Civ.App., 335 So.2d 178 (1976); and we find no abuse of that discretion here.
We award Mrs. Little $500 as an attorney’s fee incurred in defending this appeal.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P. J., recuses himself.