This is a divorce case. The wife appeals from the trial court's refusal to modify a previous award of alimony.
The dispositive issue is whether the trial court so abused its discretion in refusing to modify a previous award of alimony and child support as to require reversal. We find no such abuse of discretion and affirm.
We do not deem it necessary nor prudent to set out in detail the instant facts. These parties have been before this court on a previous occurrence. Interested parties may refer to Taylorv. Taylor, 369 So.2d 1240 (Ala.Civ.App. 1978), cert. denied,369 So.2d 1243 (Ala. 1979). In the previous appeal the trial court modified the award downward; the wife appealed and this court reversed.
As indicated above, the wife in the instant appeal now seeks a modification for an increase in support. The trial court, after an ore tenus hearing, refused the increase and the wife appeals.
In the case of Taylor v. Taylor, supra, this court reaffirmed the long standing rule that a trial court may modify an award of alimony or child support in a divorce decree upon a showing of changed circumstances of one or both of the parties. Such a modification or nonmodification will not be reversed unless it is clearly an abuse of discretion. Mockridge v.Mockridge, 278 Ala. 79, 175 So.2d 772 (1965); Childress v.Childress, 378 So.2d 1147 (Ala.Civ.App. 1979); Little v.Little, 349 So.2d 48 (Ala.Civ.App. 1977); Copeland v. Copeland,343 So.2d 533 (Ala.Civ.App. 1977); Womble v. Womble,56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429,321 So.2d 664 (1975).
To support a modification of the decree, the changed circumstances must be *Page 149 
material changes in the financial status of the parties. Blockv. Block, 281 Ala. 214, 201 So.2d 51 (1967); Meyer v. Meyer,346 So.2d 972 (Ala.Civ.App. 1977); O'Dell v. O'Dell,57 Ala. App. 185, 326 So.2d 747 (1976). Additionally, where the decree fixing alimony and support was based upon an agreement between the parties, such as we have in this instance, the decree should not be modified "except for clear and sufficient reasons after the question has been subjected to thorough consideration and investigation." Hutton v. Hutton, 284 Ala. 91,95, 222 So.2d 348, 351 (1969).
The burden of establishing the conditions necessitating a modification of the decree rests upon the moving party. Brumlowv. Brumlow, 282 Ala. 170, 209 So.2d 849 (1968); Taylor v.Taylor, supra.
In the instant case we find that the learned trial judge did not err to reversal in apparently concluding that the wife did not meet this burden.
The change in financial circumstances was not so material as to require a reversal of the trial judge. The trial court could well have concluded that the husband's increases in salary during the six year period since the divorce have not been substantial. In 1976, the husband's income was in excess of $80,000 and his salary in 1980 was in excess of $110,000.
However, in light of the inflationary trend of this period, as indicated in the wife's brief through able counsel, this increase does not in and of itself require reversal of the trial court's action in refusing to find a material change of circumstances. This is particularly true considering that the wife still receives approximately $27,000 per year in alimony and child support. The effect of the parties' "agreement" as it now exists provides the wife with $2,250 per month. This amount will reduce $1,750 per month when the youngest child reaches the age of twenty-two. Furthermore, the trial court undoubtedly considered the division of property previously awarded to the wife. See Taylor v. Taylor, supra.
In view of the above, the trial court's action is due to be affirmed. To do otherwise would be to substitute our judgment for that of the trial court. See Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
In light of the above, the wife's request for an attorney's fee for representation on appeal is hereby denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.