HOLMES, Judge.
This is a divorce decree modification case.
The parties were divorced in October of 1982. An agreement was entered into regarding a division of property, child support and alimony. This agreement was incorporated into the decree of divorce.
In January of 1983, approximately four months after the divorce decree was entered, the wife petitioned the trial court to *54 set aside the divorce decree or in the alternative to modify the divorce decree. After an ore terms hearing, the trial court denied the relief sought. The wife, through able counsel, appeals and we affirm.
The wife in brief presents three issues. One issue raises the question of whether certain benefits awarded the wife are alimony in gross awards or periodic alimony. Another issue is presented in the abstract and relates to military retirement benefits as a source of income from which periodic alimony may be awarded. The third issue, in view of the issues as raised and presented in brief, is dispositive of the appeal.
The dispositive issue whether the evidence supports a conclusion that there has been no material change in circumstances since the October divorce decree to justify a modification.
We note at this point that, for purposes of the proper disposition of this appeal, we will assume the provision of the decree attempted to be modified is in fact modifiable. Put another way, we will assume the award in question to be periodic alimony.
We do not deem it necessary to set out ■the evidence regarding changed circumstances. In fact, there is little if any evidence regarding changed circumstances occurring since the divorce decree.
The following is appropriate and disposi-tive.
In this state a trial court may modify an award of alimony in a divorce decree upon a showing of the changed circumstances of one or both of the parties. The trial court has wide discretion in such matters and its decision will not be reversed on appeal absent a plain and palpable abuse of discretion. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App.1978), cert. denied, 369 So.2d 1243 (Ala.1979). To support a modification of a divorce decree, the changed circumstances must be a material change in the financial status of the parties. Furthermore, where the decree was based upon an agreement between the parties, as in the case at bar, that decree should not be modified except for clear and sufficient reasons. The burden of establishing the conditions necessitating a modification of the decree rests upon the moving party. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App.1978), cert. denied, 369 So.2d 1243 (Ala.1979).
In the instant case, we find the burden was not met and the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.