THIGPEN, Judge.
This case involves post-divorce proceedings.
In December 1982, Doloris Parmer Cul-well (mother) and Walter Perry Culwell (father) were divorced. Custody of their two children was awarded to the mother, and the father was ordered to pay the mother $350.00 every two weeks as “alimony and child support.”
In January 1983, the trial court entered an order amending the judgment of divorce ex mero motu and nunc pro tunc by replacing the phrase “alimony and child support” with the phrase “family support.” The mother filed a motion to clarify the trial court’s amended judgment of divorce, requesting that the phrase “family support be amended to read $175.00 as alimony and $175.00 as child support,” which was denied.
In October 1988, the father requested that the trial court terminate his support obligation for the older child upon her reaching majority age in December 1988, and that his family support obligation be reduced accordingly. In January 1989, the trial court reduced his family support obligation to $250.00 every two weeks.
In October 1991, the father requested that the trial court completely terminate his family support obligation on January 7, 1992, when the younger child reached majority. The mother answered and counterclaimed, requesting that the father be ordered to pay for the college expenses of the younger child past her age of majority, pursuant to our Supreme Court’s holding in Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
Following an ore tenus proceeding, the trial court found that the father and the younger child did not have “a normal father daughter relationship,” but that the father should pay for some of the daughter’s college expenses. The trial court ordered the father to pay $250.00 every two weeks directly to the child to assist with her college expenses for the next four years, provided that she make “a good-faith effort to establish a normal relationship with her father.”
Thereafter, the father filed a motion to reconsider, stating that the trial court failed to expressly relieve him of his family support obligation to the mother. The trial court granted this motion, terminated all future payments of family support, and reaffirmed the order regarding college expenses.
The mother appeals and raises the following issues: 1) whether the award of family support to the mother and children was the same as alimony and child support when the father regarded the payments as *633 deductible alimony on his tax returns and the mother reported it as alimony and paid taxes thereon; 2) whether the trial court erred by discontinuing support to the mother when, according to the mother, the evidence clearly showed that her income was insufficient to support herself and that the father’s income and assets had increased since the divorce; and 3) whether the trial court erred in terminating support to the mother when, according to the mother, the father failed to prove that she no longer needed the support, and the father was able financially to contribute to her support.
The mother argues on appeal that the “family support” actually has been treated by both parties as alimony and child support and, therefore, that the trial court failed to apply the appropriate standard for terminating alimony when it terminated the father’s support obligation. Specifically, the mother contends that these support payments were treated as alimony on the parties’ income tax forms. Income tax returns included in the record on appeal reveal that the father labeled these support payments as alimony and deducted them from his income, while the mother included these payments in her taxable income for those same years. The mother asserts that the trial court erred in terminating the father’s support obligation when it failed to consider the financial situations of the parties. Also, the mother contends that the father failed to meet his burden of proving that the mother no longer needed the support.
Due to the wording of the support provision in the amended divorce judgment, the cases of Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App.1979), and Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825 (1938), require that we reverse and remand this cause to the trial court for an application of the appropriate standard in determining whether there was such a change of circumstances so as to modify the father’s' support obligation.
In Parrish, supra, this court considered whether the trial court erred in refusing to modify a divorce judgment as proposed by a non-custodial father. The original divorce judgment stated that the father would pay the mother “for the support and maintenance of [the mother] and the minor children.” Parrish at 1238. The trial court denied the father’s petition for modification, but granted the mother’s petition and amended the original judgment to state that the father “shall pay the said sum of $500.00 as alimony to the Clerk of the Court.” Parrish at 1239. The father argued on appeal that the trial court erred by not finding a substantial change of circumstances; namely, that the mother had begun working and that the two minor children who were placed in her custody at the time of the divorce were no longer dependent on her for support.
In affirming, we noted that the parties had treated the support payments as alimony on their income tax forms, with the father receiving a deduction and the mother paying taxes on the amounts she received. Parrish, supra. Most importantly, we stated the following:
“[T]he original divorce decree provided for support and maintenance of the wife and children and did not separate the award into alimony and child support. Thus, when the decree fails to award child support separately, it should not be treated as having done so; although the court, in making the award, might have taken into consideration the fact that the wife had been awarded custody of minor children.” (Emphasis added.)
Parrish at 1239-40.
In Rochelle, our Supreme Court stated the following:
“The fact that the custody of the children may be awarded to the wife is proper in determining the amount of alimony for her; but, unless an amount is separately awarded for them, the decree should not be treated as conferring a separate award. When not so, the subsequent removal of the burden of their care may be ground[s] for modifying and reducing future installments, but *634 it is not a necessary result.” (Emphasis added.)
Rochelle, 235 Ala. at 529, 179 So. at 828.
The original divorce judgment in the instant case was amended by the trial court to provide for the payment by the father of “family support” to the mother. There was no specific award of child support, despite the mother’s request that there be a designation for child support and for alimony.
Based on Parrish and Rochelle, therefore, we cannot treat the phrase “family support” as conferring a separate award of child support which would then be reduced upon each minor child’s reaching majority. “The subsequent removal of the burden of [the children’s] care may be ground[s] for modifying and reducing future installments, but it is not a necessary result.” Rochelle, 235 Ala. at 529, 179 So. at 828.
In the instant case, the father, in his motions to modify, listed as a change in circumstances only the fact that the parties’ children soon would reach the age of majority. Following the filing of these motions, the trial court reduced and then eliminated the father’s “family support” obligation. Based on the foregoing rationale, the reaching of majority age is insufficient, in and of itself, to eliminate the father’s support obligation when the provision is couched in terms of “family support.”
We are keenly aware of comments emphasized in the father’s brief, which the trial judge made to the parties’ attorneys during the hearing of the father’s motion to reconsider. Specifically, the trial judge stated to the mother’s attorney that “[t]his is not an alimony case. There’s no alimony case,” and “I don’t give alimony for twelve-year marriages.... I just don’t think that’s appropriate.” We are equally aware, however, of the law as enunciated by Parrish, supra, and Rochelle, supra. Furthermore, comments made by a trial judge nearly ten years after the reclassification of support are of little guidance in distinguishing the nature of support payments, especially when such comments contradicted the actual treatment of the payments by the parties. For the sake of clarity, we note that the trial judge originally could have specifically designated these support payments as all or part child support, and then provided for the reduction and subsequent termination as the children reached majority.
Accordingly, the judgment is due to be reversed and the cause remanded for the trial court to apply the appropriate standard in determining whether the award of-family support should have been modified as requested by the father. The burden of proof is on the party requesting the modification, Parrish, supra, and such a modification must be predicated upon material changes in the financial status of the parties. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App.1982). See also Allen v. Allen, 477 S.2d 457 (Ala.Civ.App.1985). We further note that the mother did not appeal the trial court’s judgment which modified the father’s support obligation from $350.00 every two weeks to $250.00 every two weeks. The mother appealed only the trial court’s recent judgment terminating the father’s family support obligation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in the result.