244 So.2d 601

**Barbara Barthers HORA**

v.

**Edward William HORA.**

**I Div. 35.**

Court of Civil Appeals of Alabama.

Feb. 10, 1971.

**514**

Kenneth Cooper, Bay Minette, for appellant.

James R. Owen, Bay Minette, for appellee.

THAGARD, Presiding Judge.

This is an appeal from a decree granting a petition by the appellee to modify a final decree of divorce granted to the appellant on June 6, 1969. The trial court's decree relieved the appellee, Edward Hora, from any further payments for support and maintenance of his former wife, Barbara Hora Mayfield. The court further ordered that the $500.00 paid to his former wife since her remarriage in May 1970 should be credited to Mr. Hora's obligation to pay for her automobile and that upon his payment of $315.00 of the $815.00 balance due on the automobile, he not be further liable.

The questions presented on this appeal are (1) whether paragraph numbered 2 of an agreement entered into by the parties and incorporated into the final decree of divorce was alimony in gross and therefore not subject to modification, and (2) if it is not alimony in gross, whether the conditions or circumstances of the parties have changed sufficiently since the decree of divorce to justify the termination of support and maintenance payments to appellant.

Paragraph numbered 2 of the divorce decree reads:

"2. Respondent agrees to pay to Complainant the sum of ONE HUNDRED TWENTY–FIVE AND NO/100 ($125.-00) DOLLARS per month for her *support and maintenance* from the time that the Decree is signed and further to pay Complainants car note on the automobile which she is currently using until paid in full. After the aforesaid automobile is paid for in full, respondent agrees to pay to complainant TWO HUNDRED AND NO/100 ($200.00) DOLLARS per month for her *maintenance and support* for the following twenty (20) years. Complainant waives all other claims to alimony

over and above this." (Emphasis supplied)

Other terms of the divorce decree gave the appellant specific items of real and personal property. It is clear from the language of the decree that the payments provided for in paragraph 2 were not intended to be a property settlement. For alimony to be in gross, it must be unequivocally stated in the decree. Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867.

If the agreement by the parties was of itself a continuing binding contract, the lower court committed error in eliminating the support and maintenance payments. However, an agreement between the parties to a suit with respect to support and maintenance when adopted by the court and made a part of the final decree becomes merged into the decree. It ceases to operate as an agreement but the decree is as effective as any other decree with the same terms. Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317.

Where a decree provides for a monthly allowance for a wife's maintenance and support, the trial court has power to modify the decree because of changed conditions of the parties, whether such power was expressly reserved or not. Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118.

Under the terms of the original divorce decree, Mr. Hora was given custody of both children. After the appellant remarried on May 4, 1970, Mr. Hora filed his petition to modify the final decree of divorce. In his petition, Mr. Hora alleges that his former wife had married Louis Mayfield and that Mr. Mayfield was able to support her. He also recites that he has the obligation of supporting and maintaining the two minor children.

Under these circumstances, Mrs. Mayfield seeks to maintain the obligation for her maintenance found in the divorce decree. We do not think she can do this. The application for a divorce and alimony was her own idea, a voluntary act of hers, instituted for her benefit. By her act of subsequent marriage, she secured for herself other resources for her support, and this voluntarily furnished the ground for the court to consider terminating the alimony.

It also seems inconsistent from the standpoint of morality and public policy that a wife should be receiving support from a former divorced spouse while she is by reason of existing marital ties entitled to look to an actual spouse for maintenance of the same nature; unless, of course, the evidence is clear that the current husband is unable to support her.

By this reasoning we do not mean to be understood as holding that a subsequent marriage will *ipso facto* dissolve the obligation of the former husband to continue the payment of the allowance, but we do mean to say that it affords a cogent and convincing reason for the court to modify or cut off the allowance altogether. Morgan v. Morgan, 211 Ala. 7, 99 So. 185.

Whether the appellant's remarriage had in fact so changed her financial condition that she did not need the provision made for her by the original decree was a matter upon which either party could offer evidence. It was alleged as a ground of the petition that her financial situation had been so changed. The remarriage which was not disputed was a material change in the circumstances of the appellant, giving her the right to be supported by another man. In the absence of proof that this right was not adequate to meet all her needs, the court might well deem it sufficient cause for revising the former decree and this court will not disturb that decision on appeal. Morgan v. Morgan, supra.

Affirmed.