292 So.2d 668

**Sara Susan Phelps LLOYD**

**v.**

**Donald Neal LLOYD.**

**Civ. 258.**

Court of Civil Appeals of Alabama.

April 3, 1974.

Johnston & Shores, Samuel G. McKerall, Birmingham, for appellee.

Callaway & Vance, Birmingham, for appellant.

BRADLEY, Judge.

This is an appeal from a decree of the Circuit Court of Jefferson County modifying a prior divorce decree as it related to alimony payments. The divorce decree, rendered in 1969, directed appellee to pay appellant $450 per month as alimony. The modification decree appealed from reduced this amount to $250 per month.

The evidence was heard orally by the trial court and revealed that appellee and appellant had been married in 1965 and divorced in 1969. Prior to the time of the divorce appellant had been under the care

of a psychiatrist and was unemployed. Appellee was in good health and earning about $37,500 per year. Subsequent to the divorce, appellant has earned a bachelor of science degree in biology from the University of Alabama at Birmingham and is now pursuing a master's degree in psychology. Further, she has sought and is seeking admittance to the University of Alabama medical school. During the time since the divorce, she has held a parttime job at two different times, earning a total of about $2,500. She is now thirty three years old, owns a 1969 Camaro automobile, is relatively debt-free. She stated that she is in good health, both physically and mentally, and only sees her psychiatrist sporadically. Appellee is now earning $40,000 per year, has remarried and is now supporting his wife, her three children by a former marriage and his two teenage daughters by a former marriage. The three children of his new wife receive $75 per week from their father. The appellee has increased his indebtedness in the past year by some $7,500 due mainly to the alimony payments, and he recently purchased a farm where the family now lives for $87,500 which is one hundred percent financed with monthly payments of $572. He formerly contributed $200 per month to his parents' support but is no longer able to do so.

The trial court found that there had been a substantial change in circumstances since the divorce decree in that appellant was able-bodied and could work and that appellee had remarried and assumed increased obligations without any material increase in income.

After the appeal was perfected to this court, appellee filed a motion here asking that a portion of the record be stricken, and submission was taken on the motion and the merits. We will consider the motion first.

## On the Motion

The parties, through their attorneys, entered into a written agreement regarding the abridgment of the record on appeal. The agreement stated that the parties agreed to abridge the record but could not agree on the scope of the abridgment. The failure to agree on the scope of the abridgment nullifies the agreement to abridge since the parties failed to agree on the contents of the record.

Appellee also admitted that the record on appeal was complete but objected to the inclusion of certain material that he considered irrelevant. This aspect of the motion appears to be self-defeating for the reason that appellee is saying at one and the same time that the record is complete yet contains irrelevant matter.

■ Based on the absence of an agreement to abridge the record and the admission that the record is complete, the motion to strike is overruled.

## On the Merits

The four assignments of error filed by appellant suggest in essence that the trial court's judgment is not supported by the evidence.

■ In order for the trial court to modify a decree of divorce there must be a showing of changed circumstances since the divorce. Hora v. Hora, 46 Ala.App. 513, 244 So.2d 601.

■ As previously stated, the trial court heard the evidence ore tenus and when this is done at a hearing on a modification petition, the findings of the court are presumed correct and will not be disturbed on appeal unless it can be shown that the court was plainly and palpably in error. Murphree v. Henson, 289 Ala. 340, 267 So.2d 414. Furthermore, in matters concerning alimony each case must be decided on its own facts. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

The pertinent facts here show that appellee has remarried since the divorce in question and his new wife has three children. It is true that these three children

were awarded support from their natural father in the sum of $75 per week, but it was also shown that the natural father was behind in his payments. The appellee also stated that it cost more than $75 per week to support these children, and that he now had his two teenage daughters to support.

 While the remarriage alone is not sufficient to provide grounds for a modification, it is a factor to be considered along with other relevant circumstances. Garlington v. Garlington, *supra*.

The evidence also revealed that appellant was a woman of thirty three years, in good mental and physical health; had since the divorce decree earned a bachelor of science degree in biology and had completed about half of the requirements for a master's degree in psychology; that during this period she had held two parttime jobs for several months, and that a person with a B.S. degree in biology should be able to earn $5,000 a year. It is reasonable to conclude from this evidence that appellant is now capable of working. In Young v. Young, 262 Ala. 254, 78 So.2d 265, it was held that the employment of the wife since the divorce is not in itself a ground for modification but is a circumstance to be considered, along with all the other relevant evidence of changed conditions, to determine whether there should be a modification of an alimony decree. Here the wife has not been employed full time but she now is capable of supporting herself through gainful employment. It was proper for the trial court to have considered this factor in arriving at its decision.

The appellee also stated that he had been contributing $200 per month to his parents' support but had to discontinue these payments due to his other financial obligations. In deciding whether to award alimony, a trial court is authorized to consider whether the other party has support obligations for children or other relatives. See Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

After a careful review of the evidence presented to the trial court, we cannot say that it was plainly and palpably in error in reducing the monthly alimony payments made to appellant by appellee from $450 to $250. Consequently, this cause is affirmed.

Motion overruled.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.