Maxine P. Parrish, the appellee-plaintiff, commenced this action on April 25, 1978 by asking the court to hold Billy Max Parrish, the appellant-defendant, in contempt for his alleged failure to pay support and automobile insurance premiums, as provided in the divorce decree of June 28, 1971. The original divorce decree incorporated an agreement between the parties which provided that the husband would pay to Maxine P. Parrish for the support and maintenance of Maxine P. Parrish and the minor children, Carmilita. Parrish and Micah Parrish, the sum of $500 per month. In addition, paragraph five of the agreement incorporated into the divorce decree provided for additional expenses of the children, such as educational, medical, and dental expenses. Car insurance premiums for the wife were also to be paid by the husband to the wife. Defendant answered the motion to show cause and included a request for modification of the support provision in the former decree. The husband prayed that the divorce decree's amount of support be reduced because of a material change in circumstances. The defendant's request for modification alleged that since the decree of original divorce Carmilita Parrish had finished college and, further, that Maxine Parrish was presently employed, although she was not employed at the time of the original divorce decree. The trial court heard oral testimony of both the plaintiff and defendant. The record reveals that the plaintiff moved to amend her contempt motion so as to request a judgment against Billy Max Parrish for sums of money he owed for support, and further requested a date be specified upon which support payments would be made. The trial court rendered a judgment denying defendant's request for modification and granted a modification in favor of the wife, Maxine P. Parrish. Plaintiff's contempt request was *Page 1239 
denied. The court further found defendant to be in arrears for support in the amount of $4,800, plus $400 for unpaid car insurance premiums, and added $375 for an attorney's fee plus costs of the proceeding. A pertinent part of the modification judgment reads as follows:
 (5) That the Defendant shall pay the said sum of $500.00 as alimony to the Clerk of the Court, Family Division, on the first day of each month, beginning July 1, 1978, and each month thereafter until the Plaintiff dies or remarries.
The defendant argues that the trial court abused its discretion by refusing to modify the divorce decree as he requested. He contends that such modification was warranted because there was evidence of a substantial change in the circumstances of the parties. Defendant's contention is apparently based on the evidence in the record to the effect that the wife, who did not work at the time of the divorce, now works as a salesperson earning a net income of $110 per week; plus the fact that the two minor children who were placed in her custody at the time of the divorce are no longer dependent on her for support. Both the daughter and son are married and no longer look to plaintiff for support.
Plaintiff replies that the evidence is insufficient to warrant a modification of the divorce decree and that the trial court correctly refused to accede to defendant's modification request.
To begin, we would point out that the burden of proof is on the party moving for a modification of a prior divorce decree.McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316 (1977). And that the trial court's judgment will be presumed correct where it heard the evidence orally, and will not be set aside except for plain and palpable error. Morrow v. Morrow, Ala.Civ.App.,351 So.2d 923 (1977); Little v. Little, Ala.Civ.App.,349 So.2d 48 (1977); 8 Ala.Dig. Divorce 286.
It is not disputed that the wife was not working at the time of the divorce decree and that she was working at the time of the filing of the defendant's petition for modification. Further, it is also undisputed that the two children who were placed in her custody at the time of the divorce decree are no longer dependent on her for support. Nevertheless, there is also evidence in the record showing that the original divorce decree contained an agreement of the parties that the defendant would pay to the plaintiff $500 per month for the "support and maintenance of Maxine P. Parrish, and the minor children, Carmilita Parrish and Micah Parrish, . . ."
The evidence further shows that during the period since the divorce, the defendant has treated the $500 monthly payment as alimony on his income tax returns and in addition has considered the two children as his dependents for income tax purposes. Also, the wife paid income tax on the $500 as if it were alimony.
The trial court, in rendering its decree, specifically commented that it would not permit defendant to treat the $500 monthly payment as alimony for tax purposes and contend in the modification proceedings that a portion of the $500 should be treated as child support and, since the children were no longer dependent, be reduced commensurate with the cessation of that support.
In an alimony modification proceeding there are many factors for the trial court to consider, among which would certainly be the wife's financial status and need, whether there are dependent children, and the financial ability of the former husband to respond to the needs of the wife and children, if there by any.
The record shows that the wife needs $900 per month to meet her living expenses. She earns a little over $400 per month, and with the addition of the $500 monthly alimony payment would total slightly over $900 per month, which is the amount she stated she needed to defray her expenses.
As mentioned previously, the original divorce decree provided for support and maintenance of the wife and children and did not separate the award into alimony and child support. Thus, when the decree fails to award child support separately, it should not be treated as having done so; *Page 1240 
although the court, in making the award, might have taken into consideration the fact that the wife had been awarded custody of minor children. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348
(1969); Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825 (1938).
Here, the trial court considered the award made in the original decree to be alimony, as did the parties subsequent to that decree, and there is evidence to support the trial court's finding that the plaintiff's need for $500 per month as alimony had not decreased despite the fact that the children were no longer dependent on her for support. Furthermore, the record does not reflect that the defendant is unable to pay the $500 per month as alimony to his ex-wife. Under these circumstances, we do not find any plain or palpable error in the trial court's refusal to modify the original decree by reducing the monthly alimony payment.
Lastly, defendant says that the trial court had no authority to modify the divorce decree by awarding alimony to the wife and requiring that the monthly payment be made to the clerk of the court on the first day of each month beginning July 1, 1978, since no such request was made in the petition for the rule nisi.
Plaintiff defends by saying that ARCP Rules 15 (b), 54 (c) and 61 permit the trial court to render a judgment not based on the pleadings if the proof offered would support the judgment.
Rule 15 (b) provides in part:
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.
Rule 54 (c) provides in part:
 [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
Whether the $500 monthly payment to plaintiff was all alimony or was part alimony and part child support, and whether the amount should be reduced, was litigated even though not raised in plaintiff's show cause petition. Hence, as authorized by the rules above cited, and based on the proof offered by both parties, we believe that the trial court was authorized to modify the alimony aspect of the original divorce decree, notwithstanding plaintiff's failure to request such relief.Awad v. Awad, 54 Ala. App. 154, 306 So.2d 21 (1975).
Plaintiff requests an attorney's fee for the services of her attorney on this appeal. We consider this to be a reasonable request, and hereby award $500 as such a fee.
ATTORNEY'S FEE AWARDED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.