This is a divorce case. The husband appeals from a judgment denying his petition to modify and awarding alimony arrearages and attorney's fees to the wife. We affirm.
The parties were divorced in August 1979, after twenty-four years of marriage. There was an agreement between the parties as to alimony and other matters. The agreement was incorporated in the judgment of divorce. In December 1979 the husband filed a petition to modify the judgment, contending a material change in circumstances. He alleged that his income had substantially decreased, that he had not received a ten percent raise in salary contemplated at the time of the divorce and that his wife had received a raise in her salary. He requested a termination of or decrease in alimony payments. The wife answered the petition and, by cross-petition, sought accrued but unpaid alimony, attorney's *Page 1037 
fees and a contempt citation against the husband.
After an ore tenus hearing the trial court entered judgment denying the husband's petition to modify and awarding the wife $1,500 in accrued alimony and $300 in attorney's fees. The husband's post-trial motion was denied. He appeals.
Although the husband's able counsel has, via brief, presented several issues to this court, there are only three determinative of this appeal.
The first issue is whether the trial court abused its discretion in refusing to modify the prior decree as to alimony and in finding the husband $1,500 in arrears in payment of such alimony.
Our well-established rule on appeal is that the trial court's judgment will be presumed correct where it hears the evidenceore tenus. 2 A Ala. Digest, Appeal Error, Key Nos. 931 (1), 1008.1 (6). The modification of a prior decree for alimony, based upon changed circumstances of the parties, is a matter largely within the sound discretion of the trial court and the exercise of that discretion will be disturbed on appeal only if, after reviewing the evidence, this court finds such an abuse thereof as to make the judgment plainly and palpably wrong. Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App. 1979). The burden of proving a material change in circumstances sufficient to warrant a modification of a previous decree relating to periodic alimony is on the petitioner. McEntire v.McEntire, 345 So.2d 316 (Ala.Civ.App. 1977). When, as in this case, a provision for periodic alimony is based upon the agreement of the parties, that provision should not be modified without close scrutiny, especially where so short a time, here six months, separates the decree and the hearing for modification. Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App. 1978), cert. denied, 369 So.2d 1243 (Ala. 1979).
Although the husband submits numerous contentions of a material change in circumstances, we consider the primary evidence of change to be a decrease in his income of $4,000 since the time of the decree. The husband possesses a doctorate in clinical psychology and is a licensed psychologist in Alabama. His primary source of income is salary as an associate professor of psychology at the University of South Alabama. This position, along with his $4,000 income as a private practitioner and monies derived from other sources, allowed him to enjoy an annual income of about $28,500 at the time of the divorce. At the hearing the husband testified he could no longer engage in private practice for various reasons and that his income had thereby decreased some $4,000. Other evidence contended a material change is that the wife now earns some twenty-four dollars more per week in her job as a registered nurse than at the time of divorce.
The husband complains of the refusal of the court to permit testimony as to his anticipation of a raise in salary at the time of his agreement to pay alimony, and the subsequent failure of the raise to materialize. He submits such testimony would indicate a change in circumstances. We consider that such testimony had no relevance to show a change of circumstances. Our supreme court has so held in the case of Colton v. Colton,252 Ala. 442, 41 So.2d 398 (1949).
The husband currently earns an income of approximately $24,500 per year. The decree provides that he is to pay the wife $450 per month alimony. He also makes other payments on mortgages, insurance and bills accumulated by the marriage, totaling about $375 per month at the time of the divorce. Several of these payments appear to be short-term obligations and others are apparently made for the benefit of the children, who have already reached majority. See, Godec v. Godec,346 So.2d 459 (Ala.Civ.App. 1977). We have carefully reviewed the evidence preserved by the record. Although there was evidence that the *Page 1038 
husband's ability to pay had diminished somewhat and the wife was now earning slightly more salary than at the time of the divorce, we find no palpable abuse of discretion in the trial court's refusal to modify the alimony provision. Meyer v.Meyer, 375 So.2d 799 (Ala.Civ.App. 1979).
The undisputed evidence was that the husband did not pay the $450 periodic alimony in October, November or January and had paid only $300 in December of 1979. This supports the trial court's award of $1,500 in arrearages and the award is not subject to reversal.
We find no abuse of discretion in the award of $300 as an attorney's fee to the wife. Clark v. Clark, 46 Ala. App. 432,243 So.2d 517 (1970).
For failure of appellant to show error, the judgment of the trial court is affirmed.
The wife has requested a reasonable attorney's fee for her representation on appeal. A fee of $300 is awarded.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.