This is an appeal from the denial of a petition to modify a divorce decree.
The husband requested a reduction or termination of periodic alimony payments. The wife cross-petitioned for an increase.
After an ore tenus hearing, the trial court increased the alimony payments from $200 per month to $300 per month and terminated the payment of $100 per month for the support and maintenance of the parties' nineteen-year-old son. In effect, the husband's obligation to pay the wife $300 a month was left unchanged.
The husband appeals from the denial of his petition to modify.
The dispositive issue is whether the trial court abused its discretion by refusing to reduce or terminate the alimony payments. We find no abuse of discretion and affirm.
The record reveals the following pertinent facts:
The parties were divorced in 1976. The decree incorporated an agreement between the parties. Pursuant to the decree the husband was to pay $100 per month as periodic alimony and $100 per month per child for the support of the parties' two children. The amount of child support was to decrease by $100 per month as each child reached the age of twenty-one and correspondingly the amount of alimony was to increase by $100 per month. All of the children have now reached majority.
The husband's income has decreased from $33,000 at the time of divorce to approximately $28,600. He has remarried. His present wife contributes substantially to their living expenses. The former wife is employed with a net income of $472 per month. She is forty-eight years of age with deteriorating vision and other physical problems.
The modification of a prior decree for support and alimony, based upon changed circumstances of the parties, is within the judicial discretion of the trial court. The exercise of such discretion is to be disturbed on appeal only if from a review of the evidence this court finds such an abuse of discretion as to be plainly and palpably wrong. Morrow v. Morrow, *Page 315 351 So.2d 923 (Ala.Civ.App. 1977); 8 Ala. Digest, Divorce, Key No. 245 (3).
After review of the evidence and consideration of the presumption of correctness accompanying the judgment of the trial court after oral hearing, we do not find that judgment to be erroneous or unjust.
We would further note that the husband's remarriage is not in and of itself a ground for modification. Lloyd v. Lloyd,52 Ala. App. 374, 292 So.2d 668 (1974); Clarke v. Clarke,47 Ala. App. 558, 258 So.2d 902 (1972).
The wife has requested an attorney's fee be awarded her for representation on this appeal. A fee of $300 is awarded.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.