This is an appeal of the modification of a divorce decree.
Mary Anne May and Stuart Trimble May, III, were divorced on November 5, 1979. On September 16, 1982, Mr. May filed a petition to modify the decree, requesting a termination of alimony. After an ore tenus hearing, the trial court reduced alimony from $2,000 per month to $1,500 per month, also reducing the amount of insurance that Mr. May was required to keep.
On February 2, 1983 Mrs. May moved for a new trial. The motion was denied, and she appeals here.
The sole issue on appeal is whether the trial court abused its discretion by reducing the amount of alimony and insurance. We think not.
A trial court may modify an original award of alimony upon sufficient proof of changed circumstances. Sanders v. Sanders,342 So.2d 380 (Ala.Civ.App. 1977). These changes must, however, be material. Taylor v. Taylor, 418 So.2d 148 (Ala.Civ.App. 1982). Where modification is granted after an ore tenus hearing, it is presumed correct. Brothers v. Vickers,406 So.2d 955 (Ala.Civ.App. 1981). In such case, modification is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless, after reviewing the evidence, we find such an abuse of discretion as to make the judgment plainly and palpably wrong. Roberts v.Roberts, 395 So.2d 1035 (Ala.Civ.App. 1981).
Many factors may be considered in an alimony modification proceeding including the wife's financial status and needs, the needs of dependent children, and the husband's financial ability to respond to those needs. Parrish v. Parrish,365 So.2d 1237 (Ala.Civ.App. 1979). The record before us reveals that the trial court considered the husband's increased expenses and subsequent remarriage as factors supporting modification. Johnson v. Johnson, 277 Ala. 126, 167 So.2d 688
(1964); Blackwell v. Blackwell, 399 So.2d 313 (Ala.Civ.App. 1981). Also considered were the wife's employment since the divorce, her improved financial condition (resulting from interest income and the elimination of mortgage indebtedness) and her recently acquired interest in property, including a townhouse and farm. Jeffcoat v. Jeffcoat, 423 So.2d 888
(Ala.Civ.App. 1982); Lloyd v. Lloyd, 52 Ala. App. 374,292 So.2d 668 (1974); and Dean v. Dean, 51 Ala. App. 249, 284 So.2d 276
(1973). These factors having been properly considered we find no abuse of discretion.
The parties' requests for attorney fees on appeal are denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 947