This case involves the modification of periodic alimony.
By the January 1981 divorce judgment, the husband (plaintiff) was ordered to pay $1,000 each month as periodic alimony. Through his 1984 petition, the plaintiff sought a reduction in such alimony, alleging a change in the circumstances of the parties in that the defendant had become employed and the plaintiff has retired from military service with a resulting decrease in his income.
An evidentiary trial occurred before the trial court. After a reading and study of the entire record in view of the attendant presumptions which are accorded the actions taken by the trial court, the following is pertinently revealed.
The parties were married for almost 26 years and their four children are now adults.
The plaintiff is forty-nine years of age and he enjoys good health. When they were divorced, he was an army major with a gross monthly salary of $2,817. At the time of the divorce, he anticipated his retirement within a year or two. He retired from the service on August 1, 1982, and receives approximately $1,800 per month as retirement pay, plus $118 for a service-connected disability. After his $1,000 alimony allotment, two insurance premium allotments and ordinary deductions are subtracted from his gross retirement benefit, he presently receives $434 as a net monthly retirement check. He has part-time employment as a reserve deputy sheriff but is only paid occasionally for that work and received a total of $1,356 from that source during the past nine months. He has remarried. His present wife has two minor sons by a previous marriage. She is employed, with her bi-weekly take-home pay being $420. The monthly itemized expenses for his four-member household totaled $1,571. The plaintiff inherited around $65,000, and he receives the interest thereon.
The former wife is forty-seven years of age, and she is in good health. She was not employed at the time of the divorce, but, thereafter, commenced to work at a full-time job where her take-home monthly wages are slightly less than $600. When divorced, she had a high school education and, since then, she earned a junior college degree and a B.S. degree in psychology and sociology from a four-year institution. She is now enrolled in a graduate program with her major being counseling psychology, but, because of her full-time employment, will not receive her master's degree until around 1987. Their two youngest sons are presently twenty-one years of age, but both presently live with their mother and also attend college, but they do not contribute any of their income to her or assist her with the household expenses, even though both of those sons are gainfully employed. The itemized monthly living expenses for the former wife and those two sons, including college expenses for all three of them, totaled $1,559.
At the conclusion of the ore tenus trial, the trial court observed that, although it was not the law as such, the trial court would initiate and apply that court's policy as to retirement benefits. As we comprehend it, the trial court's policy was that, generally, as to those marriages which exceed twenty years, it is equitable that retirement benefits of a spouse be equally divided between them in every case "unless there is some radical change in people's ability to function." The trial court further observed that "a retirement (benefit) that is brought about as a result of an extensive marriage over a long period of time, should be shared unless there, of course, is a remarriage or living openly, cohabiting, with a member of the opposite sex, which is not, obviously, involved in this case."
On the same day as the trial, the trial court rendered and filed a final judgment which made the following findings: *Page 1299 
 "The Court finds from the evidence that there has been a substantial change of circumstances in the relative incomes of the parties since the former decree. On the other hand, the Court finds that the Plaintiff's retirement pay began August 1, 1982, and that the Plaintiff and Defendant were married for approximately twenty-six (26) years while he was on active duty in the military and that she cared for and looked after four children of this marriage until they became adults and she had little or no opportunity to gain an educational background suitable for her to obtain employment.
 "The Court further finds that the Plaintiff has remarried and that his present wife has a substantial earning capacity. The Court determines further from the evidence that the gross retirement pay that the Plaintiff would be entitled to receive if he had not elected a twenty percent (20%) disability payment of $118.00 monthly would be approximately $1,900.00 monthly. Inasmuch as the $118.00 monthly is non-taxable to the Plaintiff because of its disability status through the Veteran's Administration, the Court finds that the adjusted gross entitlement for retirement is approximately $1,800.00 monthly.
 "The Court further finds from the evidence that because of the change of circumstances that the Defendant's monthly alimony should be reduced from $1,000.00 per month to the sum of $900 per month."
The plaintiff duly appealed. Able counsel for both parties have favored this court with excellent and helpful briefs.
The policy of the trial court as to the sharing of retirement benefits is presently unauthorized by law. A retirement benefit can be properly considered as a source of income from which periodic alimony may be paid. Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979). However, retirement income is only one factor to be considered along with all of the other circumstances in a modification case. The stated policy of the trial court made an equal division of retirement benefits at the end of a long marriage to be the decisive factor to the apparent exclusion of all other factors. The trial court's policy as was stated and as was here clearly applied was contrary to our present law in Alabama.
We summarize some of the law pertaining to modification proceedings as to periodic alimony. A provision in a judgment which grants periodic alimony may be modified when there has been a material change in the circumstances of either or both of the parties. Garthright v. Garthright, 456 So.2d 825
(Ala.Civ.App. 1984); Vines v. Vines, 409 So.2d 839
(Ala.Civ.App. 1981). A trial court's decision as to whether periodic alimony should, or should not, be modified and the amount of any modification are discretionary matters and will be reversed only where there was such an abuse of discretion by the trial court as to make the judgment palpably wrong.Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App. 1983). A judgment is presumed to be factually correct when an evidentiary trial is conducted before the trial court, and it will not be disturbed upon appeal unless it was not supported by the evidence or was plainly wrong. Mims v. Mims,442 So.2d 102 (Ala.Civ.App. 1983). Some of the factors, facts and circumstances that a trial court may consider in periodic alimony modification cases are as follows: the remarriage of the paying spouse, Lloyd v. Lloyd, 52 Ala. App. 374,292 So.2d 668 (1974); the receiving spouse's employment since the divorce, May v. May, 441 So.2d 945 (Ala.Civ.App. 1983); the financial status and needs of the receiving spouse, Parrish v.Parrish, 365 So.2d 1237 (Ala.Civ.App. 1979); whether the receiving spouse is presently capable of self-support, Lloyd v.Lloyd, supra; the ability of the paying spouse to respond to the former spouse's financial needs, Matthews v. Matthews,404 So.2d 692 (Ala.Civ.App. 1981); whether there are dependent children, Parrish v. Parrish, supra; whether alimony was originally agreed upon, Roberts v. Roberts, 395 So.2d 1035
(Ala.Civ.App. 1981); whether *Page 1300 
there has been a material change in the financial situation of either, or both, of the parties, Shirley v. Shirley,397 So.2d 156 (Ala.Civ.App. 1981); the health, age and education of the parties, the earning ability of the parties and their probable future prospects, the duration of the marriage, the conduct of the parties with particular reference to the cause of the divorce, Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967); the length of time separating the initial alimony award and the modification hearing, Roberts v. Roberts, supra; and any other material and relevant circumstances as disclosed by the evidence in a particular case.
We have applied the above law to the facts of this case to ascertain if the modification of periodic alimony from $1,000 monthly to $900 was proper because, if a trial court reaches a correct result, it is immaterial that a wrong reason therefor was given by the trial court or that erroneous law may have existed in the espoused policy of the trial court. Wagnon v.Boggs, 460 So.2d 183 (Ala.Civ.App. 1984).
After such application of the law to the facts, we cannot hold that the trial court reached an incorrect result or was palpably wrong. Credible evidence upholds the factual findings of the trial court in reducing the monthly award from $1,000 to $900. That modification fell within the trial court's discretion, and we find no abuse thereof.
The judgment of the circuit court is affirmed.
The plaintiff-appellant shall pay to the defendant-appellee's attorney of record the sum of $500 for his legal services on this appeal.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.