BRADLEY, Judge.
The appeal is from a divorce modification decree.
The parties to the appeal were divorced in 1981. The wife was awarded periodic alimony of $1,800 a month in addition to a property division. In 1983 the periodic alimony award was reduced to $1,400 a month. In 1985 the husband filed a petition seeking to have the periodic alimony award terminated.
After a hearing the trial court reduced the periodic alimony to $850 a month. The husband appeals.
Husband’s first contention is that the trial court erred by refusing to find that the wife had lived openly or cohabited with a member of the opposite sex. See section 30-2-55, Code 1975. He says the evidence is clear and convincing that the wife lived openly and cohabited with a male friend during the summer of 1983.
Section 30-2-55, Code 1975, provides in pertinent part as follows:
*1239 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.”
Although the evidence is in dispute, there is proof in the record to support the trial court’s conclusion that the wife was not living openly or cohabiting with a member of the opposite sex.
The wife testified that she had a male friend in the summer of 1983 whom she saw quite frequently, but that she did not live with him. The wife said that her male friend worked the 11 p.m. to 7 a.m. shift at Reynolds Aluminum Company, and that she would go over and stay with the friend’s children, one of whom had asthma.
The wife stated that she and her friend talked about marriage but were never engaged, nor did they make any marriage plans. She testified that she stored a few items of furniture in her friend’s house. She also said that they went grocery shopping once or twice, and they had sexual intercourse a few times.
Based on the above evidence, we cannot say that the trial court abused its discretion in refusing to find that the wife had violated section 30-2-55.
The husband also contends that the trial court committed reversible error by stating at the initial hearing that he considered section 30-2-55 to be unenforceable and possibly unconstitutional. As a result, the trial court would not permit testimony concerning the wife’s relationship with her male friend.
A careful review of the record reveals that the court clearly changed its view of the statute in question, because it permitted testimony later on during the initial hearing about the wife’s relationship with her male friend. Also, in subsequent hearings the matter was thoroughly explored by both parties’ attorneys.
By thus permitting the question of whether the wife did live openly or cohabit with a male friend to be fully explored by the parties, the trial court obviously concluded that whether section 30-2-55 was applicable was a proper issue to be pursued by the husband. As a result, the initial refusal by the court to permit questions on the subject was corrected and no reversible error infects the trial court’s decree in this respect.
Husband’s final contention is that the trial court erred by failing to reduce the wife’s alimony by more than $550 a month. Husband says that he is in such dire financial straits that he is unable to pay $850 per month to his former wife.
The evidence shows that the husband is a licensed physician who, at the time of the divorce, was earning about $195,000 per year. He is, according to his testimony, in a solo practice in Huntsville, Alabama, earning about $4,000 a month. However, when his practice is established he expects to earn at least $100,000 per year. His expenses are about $1,200 per month.
Husband stated that he bankrupted in 1982, and since that time has accumulated debts of about $200,000. One part of the indebtedness is a $130,000 home in Mobile, Alabama that he is trying to sell. He has not sought to rent the house in Mobile, which has a rental value of $450 a month, but permits relatives to live in it rent-free.
The husband’s present wife is a third-year medical student, and he pays all of her school expenses.
The wife was, at the time of the divorce, unemployed. She is presently employed and earning about $14,000 a year. She has joint custody of the parties’ son, who is ten years old.
The decision whether to modify periodic alimony and by how much is a discretionary matter for the trial court, and such decision will be reversed only where there is such an abuse of discretion as to make the judgment palpably wrong. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985). While there are many factors for a *1240 trial court to consider in reaching such a decision, the ability to earn as well as actual earnings is a factor that has particular application to the present case. Ebert v. Ebert, 469 So. 615 (Ala.Civ.App.1985).
Although the husband’s income has been drastically reduced due to a relocation of his practice in Huntsville, Alabama and the incurring of a sizeable amount of indebtedness since the divorce, he nevertheless has the potential to earn more than $100,000 a year. Moreover, the sale of a house that he owns would reduce his indebtedness to a manageable level.
The wife is presently employed and earning about $14,000 a year. There was also testimony that some of her living expenses could be reduced.
Based on the above evidence, we cannot say that the trial court’s award of $850 per month as periodic alimony to the wife is palpably wrong.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.