BRADLEY, Presiding Judge.
This is an alimony modification case.
*150 There are three issues presented to us on appeal. Appellant (husband) contends that the trial court committed reversible error in finding the appellee (wife) had a vested interest in her husband’s civil service retirement income. He also contends that the court erred in its failure to modify the periodic alimony and that such failure amounted to an abuse of discretion. Appellant’s third contention is that the trial court erred in ordering husband imprisoned for contempt of court.
The parties were divorced on October 14, 1981 after thirty years of marriage. The divorce decree provided the wife with $600 monthly periodic alimony and ordered the husband to pay “all the doctor and medication bills for the wife.” In August 1986 the husband lost his job and on September 8, 1986 he filed a petition to modify the alimony award. The petition was denied on February 9, 1987 and it was further ordered at that time that the husband pay the unpaid medical and dental bills, attorney fees, and any unpaid alimony. Husband asserts in brief that the wife subsequently petitioned the trial court to cite the husband for failure to abide by the decrees of the court. He says that the trial court did hold him in contempt and imprisoned him. He was later released from jail upon complying with the orders of the court. Husband now requests this court to treat his appeal as a petition for certiorari.
The evidence adduced before the trial court at the modification hearing shows that the parties to this proceeding were married for thirty years prior to their divorce. The wife is presently unemployed and has serious health problems which preclude her from being gainfully employed. Her sole source of income at the time of trial was the $600 per month periodic alimony payment she receives from her former husband.
The husband testified that at the time of the divorce he was employed but that he is presently unemployed. His main source of income is his monthly civil service retirement check in the amount of $1,100. The husband has been receiving unemployment compensation benefits in the amount of $120 per month, but those payments are about to expire. The husband has remarried and the record reflects that his new wife has contributed to the support of the family. However, the record is silent as to whether the wife is presently employed. He stated that his present expenses are between $800 and $900 per month.
Husband’s first contention is that the trial court committed reversible error by denying the modification petition on the ground that the wife had a vested interest in husband’s civil service retirement income and, thus, that the alimony award could not be modified.
The trial court, in its decree, did state that it was denying husband’s request for modification of the periodic alimony award on the ground that “the Civil Service retirement pay was earned during the marriage of the parties and ... the Plaintiff-Wife has a vested interest therein.”
It is well settled in Alabama that a wife does not have a vested property interest in a husband’s military retirement income, Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979), or in a husband’s civil service retirement income. Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App.1981). However, such retirement benefits can be considered by the trial court as a source of income in periodic alimony cases. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App. 1985). However, the consideration of a party’s civil service retirement income is only one of many factors to be considered by a trial court in deciding whether to modify a periodic alimony award. It is quite apparent that the trial court, in its decree denying the modification petition, determined that a part of husband’s retirement income belonged to the wife and such amount could not be modified. Such determination is contrary to present Alabama law as noted above.
Modifications of periodic alimony awards can be made only upon a showing of changed circumstances since the last change in the award. Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App.1981). Some of the factors a trial court may consider in deciding whether to modify a periodic alimony award are as follows:
*151 “[T]he remarriage of the paying spouse, Lloyd v. Lloyd, 52 Ala.App. 374, 292 So.2d 668 (1974); the receiving spouse’s employment since the divorce, May v. May, 441 So.2d 945 (Ala.Civ.App.1983); the financial status and needs of the receiving spouse, Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App.1979); whether the receiving spouse is presently capable of self support, Lloyd v. Lloyd, supra; the ability of the paying spouse to respond to the former spouse’s financial needs, Matthews v. Matthews, 404 So.2d 692 (Ala.Civ.App.1981); ... whether alimony was originally agreed upon, Roberts v. Roberts, 395 So.2d 1035 (Ala.Civ.App.1981); whether there has been a material change in the financial situation of either, or both, of the parties, Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App.1981); the health, age and education of the parties, the earning ability of the parties and their probable future prospects, the duration of the marriage, the conduct of the parties with particular reference to the cause of the divorce, Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967); the length of time separating the initial alimony award and the. modification hearing, Roberts v. Roberts, supra; and any other material and relevant circumstances as disclosed by the evidence in a particular case.”

Murphy, supra.

“A trial court’s decision as to whether periodic alimony should, or should not, be modified and the amount of any modification are discretionary matters and will be reversed only where there was such an abuse of discretion by the trial court as to make the judgment palpably wrong. Prentice v. Prentice, 440 So.2d 1091 (Ala.Civ.App.1983). A judgment is presumed to be factually correct when an evidentiary trial is conducted before the trial court, and it will not be disturbed upon appeal unless it was not supported by the evidence or was plainly wrong. Mims v. Mims, 442 So.2d 102 (Ala.Civ.App.1983).”

Murphy, supra.

Afters applying the applicable law to the facts in the present case, we conclude that the trial court reached the right result for the wrong reason. If the trial court reaches the correct result, it is immaterial that such decision is based on erroneous principles of law. Wagnon v. Boggs, 460 So.2d 183 (Ala.Civ.App.1984).
After a careful examination of the facts in the case at bar, we conclude that the trial court did not err in denying husband’s petition for modification. There was no abuse of discretion by the trial court in refusing to modify the award, nor is the court’s decree plainly and palpably wrong. Consequently, husband’s second argument is without merit.
Husband’s third contention is that the trial court erred in holding him in contempt of court. The husband asks us to review the contempt proceeding and treat his appeal as a writ of certiorari.
The record on appeal contains no petition for the rule nisi, nor does the record reflect that a contempt proceeding was conducted. Moreover, the notice of appeal indicates that the only judgment entered by the court for which review is sought is the judgment denying the request for modification.
In reviewing the proceedings of a trial court, this court is bound by the record made in that court. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984), appeal after remand, 495 So.2d 1052 (Ala.1986).
In the absence of any contempt proceedings in the record before us, we have nothing to review.
The judgment of the trial court is affirmed. Wife’s request for an attorney’s fee on appeal is granted in the amount of $400.
AFFIRMED.
INGRAM, J., concurs.
HOLMES, J., concurs specially.