BRADLEY, Presiding Judge.
This appeal results from the denial of the wife’s petition for modification of a divorce *1071 decree. The original decree denied the wife alimony, but the court retained jurisdiction to grant periodic alimony in the future.
Beverly Ann Coby and Henry Clay Coby were divorced in August 1985. The wife appealed to this court, asserting that the trial court erred by not awarding her alimony. See, Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). This court affirmed the trial court’s denial of alimony but reversed on the ground that it had not retained jurisdiction to award alimony in the future. Coby.
Upon remand the trial court amended its divorce decree by retaining jurisdiction to award the wife alimony in the future. Subsequently, the wife filed a petition in the trial court asking it to modify the divorce decree by awarding her alimony. After a hearing the trial court denied her request.
A decision to modify alimony based upon a change in circumstances is discretionary with the trial court, and we will not reverse unless the court’s decision is plainly and palpably wrong. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985). Additionally, a presumption of correctness attaches to the trial court’s judgment following the presentation of evidence ore ten-us. Murphy.
Evidence was presented at trial that the wife, subsequent to the divorce, completed training to become a laboratory technician and was board certified. However, she has been unsuccessful in numerous attempts to secure employment in this field. As a result the wife has worked in jobs that pay minimum wage or slightly above minimum wage. Because her expenses have usually exceeded her income, the wife has had to rely on help from her family. The wife has also encountered some health problems which have contributed to her depressed financial situation.
The evidence shows that the husband, an experienced plumber and pipe fitter, earns very good wages when he is employed. However, at the time of trial the husband was unemployed. For about one year prior to trial the husband had been employed at temporary jobs that lasted for only a few weeks at the time. During the time that the husband has been unemployed, he has received unemployment compensation. The husband has health problems that could interfere with full-time employment in the future. The husband is presently required to pay the mortgage and insurance on the family home and maintain it. He is also required to pay child support. The husband testified that his liquid assets consisted of $200 in cash.
Based on the evidence before us, we cannot say that the trial court’s decision not to award alimony to the wife at this time is plainly and palpably wrong. Consequently, we affirm the trial court’s judgment.
The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.