PITTMAN, Judge.
These appeals concern the correctness of a judgment of the Mobile Circuit Court, which was entered in modification and enforcement proceedings directed to a divorce judgment entered in 1991; in these appeals, William R. Higgs ("the former husband") seeks review of those aspects of the judgment that reduced the former husband's periodic-alimony obligation from $5,000 to $3,000 per month instead of terminating that obligation and that awarded Marilyn E. Higgs ("the former wife") a lump-sum arrearage judgment that included $28,000 in unpaid alimony for the months between the initiation of the modification action and the entry of the judgment. We reverse and remand.
The record reveals that the parties were divorced in 1991 after a 17-year marriage. The divorce judgment provided, among other things, that the former husband was to pay the former wife $150,000 as alimony in gross and $5,000 per month as periodic alimony and was to maintain a $500,000 life-insurance policy on his life for the benefit of the former wife so long as he was required to pay periodic alimony. In July 2016, approximately 25 years later, the former husband brought an action seeking the termination of his obligations to pay periodic alimony and to maintain a life-insurance policy ("the modification action"), alleging that "there has been a material change in the circumstances which exist[ ] between the parties," that the former husband had "had to retire from being a heart surgeon in September of 2013" but had worked since that time as a wound-care physician, that the former husband's income had decreased, that the former husband's income was soon to again decrease because "he [was] unable to continue working such extensive hours and such a physically demanding practice," that the former wife had received approximately $1.371 million in alimony since the entry of the divorce judgment, and that the former wife had "not seen the need to become employed" since the entry of the divorce judgment. The former wife, in her answer to the former husband's modification petition, admitted the existence of the judgment provisions at issue, but she denied the existence of a material change in circumstances and denied that the former husband was entitled to relief. The former wife also brought a separate action asserting that the former husband was in contempt of the divorce judgment ("the contempt action") because, she said, he had failed to supply proof of having acquired the life-insurance policy required therein and had failed to pay periodic alimony as required; the former husband answered that petition, admitting that he had not paid periodic alimony, but averred that he was no longer capable of working and earning his former income.
In November 2016, the former wife filed a motion in the modification action requesting that the former husband be directed, pendente lite, to pay periodic alimony in accordance with the terms of the divorce judgment pending the trial scheduled in May 2017; she averred that she had "relied on the alimony as her sole source of *283 income for over twenty years" and that it would not be possible "for her to meet her monthly obligations and provide for her needs until" the trial. The former husband filed a response in opposition to the former wife's motion, again stating that he no longer had the capability of paying additional alimony to the former wife and alleging that the former wife "ha[d] amassed a significant estate which include[d] cash savings and stocks valued at over $400,000," that the former wife had no debt except for mortgage indebtedness, and that she was receiving $1,800 per month in Social Security benefits. The trial court, after a hearing, entered a pendente lite order in the modification action on November 15, 2016, requiring the former husband to immediately pay alimony as ordered pending trial but observing that "[t]he [c]ourt w[ould] consider retroactive decrease back to the date the former wife was served" with process.
On April 28, 2017, the Friday immediately preceding the trial of the modification action and the contempt action on Monday, May 1, 2017, the former wife filed a motion in limine in both actions in which she requested that the trial court "prevent[ ] the introduction of any evidence on the issue of [her] alleged decreased need" for periodic alimony, contending that the former husband's petition in the modification action had not specified decreased need as a basis for seeking relief and that "[t]o allow [him] to question [the former wife] on any potential issues relating to her ongoing need for periodic alimony, including any assets she has acquired ...[,] would be prejudicial to her." On May 1, 2017, just over an hour before the trial, the former husband filed objections to the motion in limine, asserting that he had pleaded the existence of a material change in circumstances and had sufficiently placed in issue the financial condition of the former wife; he requested, in the alternative, that he be allowed to amend his petition in the modification action to specify the former wife's financial condition and lack of need for alimony as additional bases for relief. At the outset of trial, the trial court heard oral arguments from counsel for the parties regarding whether the former wife's motion in limine should be granted or denied and whether leave should be allowed to the former husband to amend his modification petition. The trial court granted the motion in limine and denied leave to amend, noting on the record that the divorce judgment had been entered by a different trial judge, indicating that fault and the length of the marriage could have played a role in the original periodic-alimony award, and opining that the former wife's assets were not material to the former husband's right to relief; the trial court also denied an oral motion to continue made by the former husband immediately thereafter. Later, during cross-examination of the former wife at trial, the trial court sustained objections from her counsel to questions asking her how much money she placed in savings each month, the amount of money she had been spending, and how she had been able to meet her expenses.
After the trial had concluded, the trial court entered a judgment on May 3, 2017. That judgment noted that the court had granted the former wife's motion in limine and had denied the former husband's motions to amend or for a continuance; in the judgment, the trial court set aside the life-insurance-policy requirement, awarded the former wife $42,400 representing the undisputed amount of the former husband's alimony arrearage through June 2016, reduced the periodic-alimony obligation to $3,000 per month, and directed that the former husband pay $28,000 to the former wife as unpaid alimony for the period beginning in July 2016.
*284 Pursuant to Rule 59(e), Ala. R. Civ. P., the former wife filed a timely postjudgment motion to alter the judgment so as to consolidate the two monetary awards. The former husband also filed a timely postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., averring that the trial court had erred in granting the motion in limine, in denying his requests for an amendment of his pleading and for a continuance, and in not terminating his periodic-alimony obligation as of July 2016. Citing, among other authorities, Rule 15(b), Ala. R. Civ. P., the former husband asserted, among other things, that although a termination-of-alimony proceeding should involve examination of the circumstances of the paying spouse, "that should not keep the parties from presenting relevant evidence which would contribute to a full airing of the facts and circumstances of the matter." Although the former wife's motion to alter was not ruled upon within 90 days of its filing, and was thus deemed denied by operation of law, see Rule 59.1, Ala. R. Civ. P., the trial court timely noted the parties' express consent to extend the 90-day period set forth in that rule for ruling on the former husband's pending postjudgment motion, see Parsons v. Aaron, 849 So.2d 932, 936 (Ala. 2002), and the trial court thereafter entered an order denying the former husband's motion.
The former husband, through new counsel, filed separate notices of appeal from the judgment entered in the modification action and the contempt action; those two appeals were consolidated by this court. In his brief on appeal, the former husband contends, among other things, that the trial court erred in preventing him from presenting evidence at trial of the former wife's financial condition.[1]
As we have noted in our summary of the procedural history of the actions involved in these appeals, the parties had skirmished in November 2016, at the pendente lite stage, regarding the former wife's need for continued alimony payments. The former husband specifically averred at that time that the former wife had acquired a separate estate of upwards of six figures, yet the former wife filed a motion on the working day immediately preceding the trial to prevent the former husband from adducing evidence of her needs, claiming that allowing questioning of her as to her needs would be "prejudicial." The trial court does not appear to have agreed with the former wife's argument regarding prejudice, however:
"I guess one of my concerns is I don't know that [the former wife's financial condition is] that big a deal and the reason is I don't know, since I didn't try this case, you know, fault matters, and I don't know if there was fault in this case. And you know, that she has [$]350,000 or access to another [$]125,000 might not be that different than what she had at the time of the divorce because I know she got [$]150,000 alimony in gross and I don't know what the other stuff is worth 26 years ago.
"....
"...[J]ust dealing with the marital assets, I don't think it's going to matter what she might have inherited at that amount of money given the picture. I will consider his income.
*285 "I'm going to grant the motion in limine. I'm going to deny your ability to amend your pleadings today and let me just hear what his financial situation is now, okay. All right.
"....
"... It's like I say, I will consider the length of the marriage. We are going to have to get into, you know, fault since I don't know why, I mean, this is the problem with -- you know, really it's good that a judge is on the bench for a long time because usually they've tried these cases but --
"....
"... But I don't have any idea of what the fault was in this case and that matters. And I am going to deny the continuance unless it's by agreement on the day of trial.
"[Counsel for the former wife declines.]
"... Okay. All right. We will begin the case in just a second."
It is well settled that "[a] provision in a judgment which grants periodic alimony may be modified when there has been a material change in the circumstances of either or both of the parties." Murphy v. Murphy, 470 So.2d 1297, 1299 (Ala. Civ. App. 1985). We enumerated in Murphy"[s]ome of the factors, facts and circumstances that a trial court may consider in periodic alimony modification cases," 470 So.2d at 1299, including
"the remarriage of the paying spouse, Lloyd v. Lloyd, 52 Ala. App. 374, 292 So.2d 668 (1974) ; the receiving spouse's employment since the divorce, May v. May, 441 So.2d 945 (Ala. Civ. App. 1983) ; the financial status and needs of the receiving spouse, Parrish v. Parrish, 365 So.2d 1237 (Ala. Civ. App. 1979) ; whether the receiving spouse is presently capable of self-support, Lloyd v. Lloyd, supra ; the ability of the paying spouse to respond to the former spouse's financial needs, Matthews v. Matthews, 404 So.2d 692 (Ala. Civ. App. 1981) ; whether there are dependent children, Parrish v. Parrish, supra ; whether alimony was originally agreed upon, Roberts v. Roberts, 395 So.2d 1035 (Ala. Civ. App. 1981) ; whether there has been a material change in the financial situation of either, or both, of the parties, Shirley v. Shirley, 397 So.2d 156 (Ala. Civ. App. 1981) ; the health, age and education of the parties, the earning ability of the parties and their probable future prospects, the duration of the marriage, the conduct of the parties with particular reference to the cause of the divorce, Block v. Block, 281 Ala. 214, 201 So.2d 51 (1967) ; the length of time separating the initial alimony award and the modification hearing, Roberts v. Roberts, supra ; and any other material and relevant circumstances as disclosed by the evidence in a particular case."
470 So.2d at 1299-1300.[2] Particularly salient to the modification inquiry are two principal factors that this court has singled out in subsequent cases: " 'In determining whether there has been a material change in circumstances, the trial court must consider the financial needs of the payee spouse and the financial ability of the payor spouse to respond to those needs.' " Henning v. Henning, 26 So.3d 450, 455 (Ala. Civ. App. 2009) (quoting Taylor v. Taylor, 640 So.2d 971, 973 (Ala. Civ. App. 1994) ) (emphasis added). So interrelated are those two factors that we have held that a petition for an upward modification *286 of periodic alimony should be denied, notwithstanding proof of an increase in a payor's income, when there is no proof of any increase in the payee's needs. See Capone v. Capone, 58 So.3d 1258, 1262 (Ala. Civ. App. 2010) ; accord Johnson v. Johnson, 215 So.3d 1123, 1132 (Ala. Civ. App. 2016).
In this case, the former husband averred in his petition in the modification action that there had been a material change in circumstances that, he contended, warranted the termination of his alimony obligation. Although the former husband set forth in that pleading certain factors regarding his own "financial ability" that the trial court could properly consider in assessing whether to modify his alimony obligation, the former husband made clear in his response to the former wife's motion for pendente lite relief that he was by no means conceding the former wife's "financial needs" for continued alimony payments. Nevertheless, the trial court, in granting the former wife's motion in limine,[3] denying the former husband's motion to amend, and sustaining objections to questions posed by trial counsel for the former husband regarding the former wife's financial circumstances, effectively foreclosed any inquiry into whether the former wife should continue to receive any amount of periodic alimony. Just as the failure to demonstrate a change in needs will defeat a recipient's request for an upward alimony modification, see Capone, supra, the absence of any evidence in the record of a change in the former wife's needs, which resulted directly from the trial court's evidentiary rulings conforming to its granting of the former wife's motion in limine, effectively foreclosed the very relief sought by the former husband.
Knowing that the absence of evidence of the former wife's needs would prejudice the former husband's stance in the modification action, counsel for the former husband sought leave to make a trial-day amendment to his pleading to specifically assert a change in the former wife's financial status; however, neither the requested amendment nor a requested continuance of the trial were granted. In contrast to Rule 15(a), Ala. R. Civ. P., cited by the former wife, the last four sentences of Rule 15(b) specifically address amendments of pleadings to conform to evidence sought to be presented at trial in situations when, as here, a party such as the former wife objects to the trial court's reception of evidence as being outside the pleadings:
"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused ... solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting *287 permission to amend when justice so requires."
The Committee Comments on the rule provide further guidance to the bench and bar:
"[W]here evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings 'shall' be deemed amended to conform to such evidence. If the other party does object, but fails to persuade the court that he will be prejudiced in maintaining his claim or defense, the court must then grant leave to amend the pleadings to allow the evidence or the issue. If the objecting party can show prejudice, the court may grant him a continuance to meet the evidence and again should allow amendment of the pleadings. The only time that refusal to allow amendment can be justified is where the amendment and the evidence will not assist in reaching the merits of the action."
Rule 15, Ala. R. Civ. P., Committee Comments on 1973 Adoption (emphasis added). In this case, the trial court took none of the steps prescribed: it did not require anything more from the former wife than a naked claim of "prejudice" and delay,[4] it did not allow a continuance of the modification action to permit the proposed amendment to the extent that an amendment was necessary, and it necessarily and erroneously concluded that evidence of the former wife's financial status would not assist in reaching the merits of the modification action.
Based upon the foregoing facts and authorities, we must conclude that the trial court acted outside the scope of its discretion in barring the former husband from adducing evidence of the former wife's financial status and that that error prejudiced the former husband's claim that his alimony obligation should be terminated rather than simply reduced. Because that error affected the judgment in the contempt action as well, we reverse the judgments of the trial court in both the modification action and the contempt action and remand the cases for further proceedings consistent with this opinion. Our reversal as to the procedural right of the former husband to present evidence of the former wife's financial status for the trial court's consideration should not be deemed indicative of the opinion of the court regarding the merits of the former husband's claim that he is entitled to a judgment in his favor on the merits. See Aramini v. Aramini, 220 So.3d 322, 329-30 (Ala. Civ. App. 2016) (noting that trial court is not bound to modify alimony even if a change in circumstances is shown and affirming judgment reducing, but not terminating, payor's alimony obligation despite decrease in payor's income because evidence demonstrated recipient's continuing need for alimony).
2170122-REVERSED AND REMANDED.
2170123-REVERSED AND REMANDED.
Thompson, P.J., and Thomas and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.

To the extent that the former husband, for the first time on appeal, equates the trial court's denial of leave to present that evidence as amounting to a denial of procedural due process, we must agree with the former wife that that constitutional contention is barred because it was not raised in the trial court. Saulsberry v. Wilcox Cty. Bd. of Educ., 641 So.2d 283, 285 (Ala. Civ. App. 1993) ("We will not consider on appeal constitutional issues that were not considered by the trial court.").

Contrary to the former husband's contention on appeal, Murphy supports the trial court's view that the conduct of the parties with respect to their divorce is a pertinent consideration with respect to whether their divorce judgment should be modified as to periodic alimony.

Although this court's reversal is based upon the trial court's denial of the former husband's motion to amend, we would briefly note that, because the trial court's ruling on the former wife's motion in limine, which sought an unconditional bar to economic-condition evidence pertaining to her, was absolute rather than preliminary, no offer of proof was necessary in order to preserve that ruling for review. See Phelps v. Dempsey, 656 So.2d 377, 381 n.1 (Ala. 1995) (distinguishing between "prohibitive-preliminary" and "prohibitive-absolute" motions in limine); see also Rule 103(a)(2), Ala. R. Evid. (indicating that an offer of proof as to excluded evidence is unnecessary when "the substance of the evidence was ... apparent from the context within which questions were asked").

" '[N]either long delay nor the fact that a proposed amendment is motivated by an afterthought of counsel as to the best theory upon which to proceed, by themselves, suffice as reasons for denying leave to amend.' " National Distillers & Chem. Corp. v. American Laubscher Corp., 338 So.2d 1269, 1274 (Ala. 1976) (quoting Green v. Wolf Corp., 50 F.R.D. 220, 223 (S.D.N.Y. 1970) ).